Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/21/2020 08:09 AM CDT

State of Nebraska, appellee, v.
Melvin Anderson, appellant.
___ N.W.2d ___

Filed May 29, 2020.    No. S-19-1038.

1. **Effectiveness of Counsel: Appeal and Error.** Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law.
2. **____: ____.** In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance.
3. **Pleas: Waiver.** Generally, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge.
4. **Effectiveness of Counsel: Pleas.** When a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel.
5. **Effectiveness of Counsel: Proof.** To prevail on a claim of ineffective assistance of counsel, the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.
6. **Effectiveness of Counsel: Appeal and Error.** In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide deficient performance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance.
7. **Effectiveness of Counsel: Records: Appeal and Error.** The record on direct appeal is sufficient to review a claim of ineffective assistance of trial counsel if it establishes either that trial counsel's performance was

not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy.

8. **Effectiveness of Counsel: Proof.** To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law.

9. \_\_\_\_: \_\_\_\_. To show prejudice in a claim of ineffective assistance of counsel, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.

10. **Words and Phrases.** A reasonable probability is a probability sufficient to undermine confidence in the outcome.

11. **Convictions: Effectiveness of Counsel: Pleas: Proof.** When a conviction is based upon a plea of no contest, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading no contest.

12. **Preliminary Hearings: Probable Cause.** The purpose of a preliminary hearing is to ascertain whether or not a crime has been committed and whether or not there is probable cause to believe the accused committed it; it is not a trial of a person accused to determine his or her guilt or innocence, but is a procedural safeguard to prevent a person from being detained in custody without probable cause existing that the crime charged was committed by that person.

13. **Preliminary Hearings: Plea in Abatement.** A plea in abatement is used to challenge the sufficiency of the evidence at a preliminary hearing.

14. **Motions to Dismiss: Plea in Abatement.** Generally, a motion in the nature to dismiss is permitted in criminal cases in various forms, including a motion to quash and a plea in abatement.

15. **Plea in Abatement: Evidence: Probable Cause: Verdicts.** In order to resist a challenge by a plea in abatement, the evidence received by the committing magistrate need show only that a crime was committed and that there is probable cause to believe that the accused committed it; the evidence need not be sufficient to sustain a verdict of guilty beyond a reasonable doubt.

16. **Effectiveness of Counsel.** As a matter of law, counsel is not ineffective for failing to make a meritless objection.

17. **Preliminary Hearings: Probable Cause: Witnesses.** A full adversarial hearing in which witnesses are called is not required for a determination of probable cause in a preliminary hearing under Neb. Rev. Stat. § 29-1607 (Reissue 2016).

18. **Constitutional Law: Preliminary Hearings: Probable Cause.** In an informal preliminary hearing, it does not violate the Confrontation Clause to rely on out-of-court statements to determine probable cause for purposes of continuing a defendant's pretrial detention.
19. **Criminal Law: Depositions: Pretrial Procedure.** There is no obligation for the State to produce the victim or assist in locating the victim for purposes of a pretrial deposition by defense counsel.

Appeal from the District Court for Lancaster County: ANDREW R. JACOBSEN, Judge. Affirmed.

Abby Osborn, of Shiffermiller Law Office, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

FREUDENBERG, J.

## NATURE OF CASE

In an appeal from a plea-based conviction, the defendant, through new counsel, asserts that his plea was the result of ineffective assistance of trial counsel. The majority of the allegations of deficient conduct revolve around the victim's failure to appear at the preliminary hearing and law enforcement's inability to serve her with subpoenas for her appearance at the preliminary hearing and subsequent deposition. The defendant also argues that trial counsel was ineffective by failing to move to suppress his inculpatory statement to law enforcement in relation to the charge of third degree domestic assault to which he pleaded.

## BACKGROUND

Melvin Anderson was originally charged in county court with strangulation, in violation of Neb. Rev. Stat. § 28-310.01(2) (Reissue 2016), in relation to events occurring on March 14,

2019. Following a hearing on March 15, the court issued an order of probable cause and further detention.

The probable cause affidavit described that law enforcement had responded to a call of domestic assault on March 14, 2019. Law enforcement observed red marks on both sides of the victim's neck consistent with being choked. The victim described that while she was at her and Anderson's apartment, Anderson grabbed her around the neck with one hand and held her against the wall for several minutes while threatening to kill her. She said there were moments when she could not breathe. The victim's cousin witnessed the assault and was able to eventually assist the victim and accompany her out of the apartment. Law enforcement later contacted Anderson, who admitted only to grabbing the victim by her coat so that he could get his wallet and telephone from her. Anderson described that he grabbed the front of the victim's coat near her neck and that it was possible he could have grabbed her neck with the coat.

On April 25, 2019, trial counsel filed a praecipe for a subpoena to be served upon the victim, commanding her appearance at the preliminary hearing scheduled for May 22. The journal entry for the preliminary hearing on May 22 reflects that the court found probable cause and that the case was bound over to the district court for trial. It does not describe the court's reasoning in finding probable cause. The only witness at the hearing was a law enforcement officer. The journal entry does not reflect that the victim appeared at the hearing.

On June 26, 2019, an amended information was filed in district court charging Anderson with the original count of strangulation in violation of § 28-310.01(2) and new counts of tampering with a witness or informant in violation of Neb. Rev. Stat. § 28-919 (Reissue 2016) and violating a protection order in violation of Neb. Rev. Stat § 42-924(4) (Cum. Supp. 2018). The new counts related to events occurring between June 1 and 12. Anderson waived appearance at the arraignment of the

amended information. There is no record that a preliminary hearing was held on the amended charges.

A reciprocal discovery order was entered on June 25, 2019, with depositions to be taken by Anderson within 30 days. A praecipe for a subpoena was filed on June 25, commanding the victim to appear as a witness before the district court on July 16. Records show that the sheriff attempted to serve the subpoena on July 1, 9, and 12. On July 16, at the request of the county attorney, the subpoena was returned unserved.

Another subpoena was issued on July 16, 2019, commanding the victim to appear as a witness before the district court on July 22. Records show that the sheriff attempted to serve the subpoena on July 18, 19, and 22, and it was returned as not served on July 23.

On August 23, 2019, Anderson entered pleas of no contest to the State's second amended information, which then charged Anderson with one count of third degree domestic assault in violation of Neb. Rev. Stat. § 28-323(1) and (4) (Reissue 2016), one count of attempted tampering with a witness or informant in violation of Neb. Rev. Stat. §§ 28-201(4)(e) and 28-919 (Reissue 2016), and one count of violating a protection order under § 42-924(4).

The factual basis provided by the State asserted that on March 14, 2019, law enforcement responded to a report of domestic assault. A protection order had been granted for the victim against Anderson earlier that day, but had not yet been served. Anderson went to the victim's apartment, there was an argument, and Anderson grabbed the victim by the neck, applying so much pressure to her neck that there were moments she was unable to breathe and telling her that he would kill her. The victim's cousin was a witness to the assault and was able to assist the victim in leaving the apartment. Anderson later indicated to law enforcement that he had an argument with the victim and admitted to grabbing her coat, but denied strangling her.

While Anderson was in custody for this offense, the victim received a letter addressed to her from an inmate at the jail who identified himself as "Lucky Luciano." The victim did not open the letter. She knew that "Lucky" was Anderson's nickname. Law enforcement opened the letter, which informed the victim she should tell the courts that there was no fight and no choking, that she feels protected and safe around "Lucky," and that it was a mistake putting him in jail. The letter directed the victim to report that she was off her medication and did not know what she was doing when she made the report. Enclosed with the letter was a piece of a dreadlock that the victim believed was from Anderson. There was a protection order in place when this letter was delivered to the victim.

After an extensive colloquy with Anderson, the court accepted Anderson's pleas as voluntarily, freely, knowingly, and intelligently made, and it found that there was a factual basis for the pleas. Despite trial counsel's request to sentence Anderson immediately, the court ordered a presentence investigation be completed. The State noted that it was trying to reach the victim in order to obtain a victim impact statement, but that its last contact with her had been in May 2019.

Once the presentence investigation was completed, the court proceeded to sentencing. The State noted at the sentencing hearing that the probation office was able to obtain a victim impact statement, which was somewhat surprising because the State had been having difficulty locating her. The State noted that Anderson "had the benefit of a very generous plea agreement from the State simply because we were having difficulty finding [the victim] after we tried to subpoena her several times for a deposition and trying to locate her by mail and by phone."

The court sentenced Anderson to imprisonment for 180 days on count 1, 360 days on count 2, and 360 days on count 3. The sentences on counts 2 and 3 were ordered to be served concurrently to each other and consecutively to count 1.

Anderson appeals, seeking to set aside his pleas and the resulting convictions and sentences, as the result of ineffective assistance of trial counsel. He obtained new counsel for his appeal.

## ASSIGNMENTS OF ERROR

Anderson assigns that trial counsel provided ineffective assistance by (1) failing to move to continue the plea in abatement, when the subpoena issued by Anderson was not served on the alleged victim; (2) failing to file a plea in abatement, because there was insufficient evidence to support a probable cause finding that Anderson strangled the alleged victim; (3) failing to move the trial court to require the State to produce the alleged victim for deposition and exclude the alleged victim as a witness; (4) failing to move to suppress Anderson's statement; and (5) counseling Anderson to enter a plea. We disregard Anderson's broad assignment of error that trial counsel provided ineffective assistance of counsel to Anderson in violation of his Sixth Amendment rights, because assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity.[1]

## STANDARD OF REVIEW

[1] Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law.[2]

[2] In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance.[3]

---

[1] *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019).

[2] *Id.*

[3] *Id.*

## ANALYSIS

[3,4] Generally, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge.[4] Thus, when a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel.[5] For this direct appeal, Anderson has obtained counsel different from trial counsel, and he asserts that his pleas were the result of ineffective assistance of trial counsel. He does not challenge whether his pleas were otherwise understandingly and voluntarily made.

[5-7] To prevail on a claim of ineffective assistance of counsel, the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.[6] In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide deficient performance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance.[7] The record on direct appeal is sufficient to review a claim of ineffective assistance of trial counsel if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy.[8]

[8-11] To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal

---

[4] *State v. Privett*, 303 Neb. 404, 929 N.W.2d 505 (2019).

[5] *Id.*

[6] See, *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Avina-Murillo*, 301 Neb. 185, 917 N.W.2d 865 (2018).

[7] See *State v. Lee*, 304 Neb. 252, 934 N.W.2d 145 (2019).

[8] *State v. Iddings*, 304 Neb. 759, 936 N.W.2d 747 (2020).

that of a lawyer with ordinary training and skill in criminal law.[9] To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.[10] A reasonable probability is a probability sufficient to undermine confidence in the outcome.[11] When a conviction is based upon a plea of no contest, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading no contest.[12]

Anderson asserts that but for trial counsel's failure to pursue various pretrial motions pertaining to the victim's lack of appearance at the preliminary hearing and the inability to serve a subpoena upon her, the charges against him would have been dismissed; therefore, he would not have pleaded no contest. He also asserts that counsel was deficient by failing to move in limine to suppress his statements to law enforcement. Anderson's assignment of error that counsel was ineffective in advising him to plead no contest is intertwined with these assertions because, he argues, it was deficient conduct for trial counsel to advise him to plead before pursuing the pretrial motions.

### Preliminary Hearing

Anderson first argues that but for trial counsel's ineffective assistance in failing to file a plea in abatement or a motion to continue at the preliminary hearing, the charges against him would have been dismissed before he decided to plead no contest. The undisputed facts contained within the record are sufficient to conclusively determine that trial counsel was

---

[9] *Mrza, supra* note 1.

[10] *Id.*

[11] *Id.*

[12] See *Privett, supra* note 4.

not deficient by failing to file a plea in abatement. Further, we are able to conclusively determine upon the record that Anderson will be unable to demonstrate that but for trial counsel's failure to file another motion to continue the preliminary hearing, the charges would have been dismissed—the premise upon which he asserts he would have declined to enter into a plea bargain agreement with the State. Accordingly, the record conclusively demonstrates that the allegedly deficient act of failing to move to continue the preliminary hearing did not prejudice Anderson.

[12] The purpose of a preliminary hearing is to ascertain whether or not a crime has been committed and whether or not there is probable cause to believe the accused committed it.[13] It is not a trial of a person accused to determine his or her guilt or innocence, but is a procedural safeguard to prevent a person from being detained in custody without probable cause existing that the crime charged was committed by that person.[14]

Anderson asserts that the court stated during the preliminary hearing that it was binding the matter over because Anderson had admitted he strangled the victim, and he argues that because the probable cause affidavit did not contain such an admission, the case would have been dismissed had counsel filed a plea in abatement on the grounds of lack of probable cause. With this reasoning, Anderson concludes that trial counsel was ineffective for failing to file a plea in abatement.

[13-15] A plea in abatement is used to challenge the sufficiency of the evidence at a preliminary hearing.[15] It has been observed that, generally, a motion in the nature to dismiss is permitted in criminal cases in various forms, including a motion to quash and a plea in abatement.[16] In order to resist a challenge by a plea in abatement, the evidence received by

---

[13] *State v. Hill*, 255 Neb. 173, 583 N.W.2d 20 (1998).

[14] *Id.*

[15] *State v. Lasu*, 278 Neb. 180, 768 N.W.2d 447 (2009).

[16] See *State v. Chauncey*, 295 Neb. 453, 890 N.W.2d 453 (2017).

the committing magistrate need show only that a crime was committed and that there is probable cause to believe that the accused committed it.[17] The evidence need not be sufficient to sustain a verdict of guilty beyond a reasonable doubt.[18]

Anderson acknowledges that the county court's alleged statement as to its reasoning in concluding there was probable cause is not in the record, because the preliminary hearing was not preserved. He does not assert that trial counsel was ineffective in failing to insist that the preliminary hearing be part of the record. In any event, whatever was said by the county court at the preliminary hearing, the undisputed facts of the record affirmatively demonstrate there was probable cause to show that a crime was committed and that Anderson committed it.

At the time of the preliminary hearing, Anderson had not yet sent the letter from "Lucky," and his allegations of ineffective assistance of trial counsel at the preliminary hearing appear limited to count 1, strangulation, which was reduced to third degree domestic assault pursuant to the plea bargain agreement.

The affidavit of probable cause described that law enforcement had observed red marks on both sides of the victim's neck consistent with being choked and that the victim reported Anderson had grabbed her around the neck with one hand and held her against the wall for several minutes while threatening to kill her. She told law enforcement there were moments when she could not breathe.

[16] The affidavit provided sufficient evidence to support the court's finding of probable cause. A plea in abatement, had it been made, would have lacked merit. And, as a matter of law, counsel is not ineffective for failing to make a meritless objection.[19]

Anderson also asserts that trial counsel was ineffective for failing to move to continue the preliminary hearing, because

---

[17] *Id.*

[18] See *id.*

[19] See *State v. Schwaderer*, 296 Neb. 932, 898 N.W.2d 318 (2017).

the victim did not appear at the hearing despite the issuance of a subpoena. We observe that trial counsel moved to continue the preliminary hearing, albeit not before issuing a summons for the victim's appearance. Anderson articulates his argument as follows:

> Rather than moving to continue the hearing in order to obtain [the victim's] presence and testimony, Anderson's counsel allowed the matter to proceed through the preliminary hearing denying Anderson the right to confront [the victim] at the first opportunity which could have produced the first opportunity to have the case dismissed by the Court.[20]

In his summary of the arguments, Anderson also argues that trial counsel's failure to move to continue the preliminary hearing "theoretically waived Anderson's ability to use the Court's power to enforce the subpoena regarding [the victim's] refusal to appear if she had been served."[21]

[17,18] Anderson's reliance on the right to confrontation under these facts is misplaced. A full adversarial hearing in which witnesses are called is not required for a determination of probable cause in a preliminary hearing under Neb. Rev. Stat. § 29-1607 (Reissue 2016).[22] In an informal preliminary hearing, it does not violate the Confrontation Clause to rely on out-of-court statements to determine probable cause for purposes of continuing a defendant's pretrial detention.[23]

Nor is it clear how trial counsel's inability to cross-examine the victim at the preliminary hearing could have resulted in the dismissal of the strangulation charge. Even if trial counsel could have obtained another continuance and the victim would

---

[20] Brief for appellant at 20.

[21] *Id.* at 15.

[22] See, Neb. Rev. Stat. § 27-1101 (Reissue 2016); *State v. Wilkinson*, 219 Neb. 685, 365 N.W.2d 478 (1985); Daniel A. Morris, Nebraska Trials § 4:11 (2019).

[23] See *Gerstein v. Pugh*, 420 U.S. 103, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975).

have eventually appeared and been cross-examined at the preliminary hearing, Anderson does not argue that she would have recanted her report to law enforcement. Nor would it follow that the court would have dismissed the case if she had. There was a witness to the strangulation, and law enforcement had observed the victim's injuries.

As already stated, with or without the victim's testimony, there was probable cause to conclude that a crime was committed. The record, accordingly, conclusively demonstrates that Anderson would be unable, in an evidentiary hearing, to prove the strangulation charge would have been dismissed if trial counsel had moved to continue the preliminary hearing. The undisputed facts in the record demonstrate that Anderson was not prejudiced by an alleged failure to obtain dismissal because of trial counsel's failure to move to continue the preliminary hearing.

As for any argument that the failure to move to continue the preliminary hearing prejudiced Anderson because he thereby waived his ability to move for an order compelling the State to produce the victim for a pretrial deposition, as explained in the next section, a motion for an order compelling the State to produce the victim would have lacked merit. Trial counsel's alleged waiver of a nonexistent right could not have prejudiced Anderson.

ALLEGED UNAVAILABILITY
OF VICTIM

Anderson asserts trial counsel was ineffective by failing to move for a court order that the State produce the victim or otherwise assist in making the victim available for the deposition ordered by the court pursuant to Neb. Rev. Stat. § 29-1917 (Reissue 2016) and for which a subpoena under Neb. Rev. Stat. § 25-1223 (Cum. Supp. 2018) had been issued at trial counsel's request. In conjunction with this allegation, Anderson asserts that his trial counsel was ineffective by failing to move to suppress the victim's testimony.

According to Anderson, if trial counsel had made a request that the State produce the victim or assist in locating her and the request had been granted, and if the State had thereafter acted in bad faith by failing to comply with the order, then trial counsel could have requested that the victim's testimony be excluded as a sanction against the State. Anderson asserts that if this had been done, the court would have granted such a motion and he would have insisted on going to trial. Again, these allegations appear limited to the charge of strangulation that was reduced to third degree domestic assault under the plea bargain agreement.

[19] The long chain of hypothetical variables in this allegation of ineffective assistance of counsel is not amenable to evidentiary proof. Most notably, it fails at its first premise. As Anderson admits, there is no obligation for the State to produce the victim or assist in locating the victim for purposes of a pretrial deposition by defense counsel. There would have been no merit to a motion for a court order compelling the State to produce the victim or otherwise assist in making the victim available for the court-ordered deposition. As a matter of law, counsel is not ineffective for failing to make a meritless objection.[24] Because there is no merit to Anderson's assertion that trial counsel was ineffective for failing to move to compel the State in this manner, it follows that there is no merit to his assertion that trial counsel was ineffective for failing to move to suppress the victim's testimony, under the hypothetical that had such motion been made and granted, the State would have acted in bad faith.

We also note that while there generally are remedies for the State's fault or bad faith, Anderson does not assert that the State was concealing access to exculpatory evidence in any sort of a violation of *Brady v. Maryland*.[25] He does not assert that the victim's testimony would be exculpatory. Nor does he

---

[24] See *State v. Schwaderer, supra* note 19.

[25] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

assert that the State was concealing the victim's whereabouts. Indeed, the record indicates that the State had been unable to contact her despite its attempts to do so. The allegation that the State somehow would have acted in bad faith if there had been an order to supply the victim for the deposition is entirely too speculative to be susceptible to proof at an evidentiary hearing. Prejudice for purposes of ineffective assistance of counsel cannot be founded on hypothetical bad acts that did not occur but allegedly would have occurred had counsel not acted deficiently.

We are able to conclusively determine on the record that counsel was not ineffective for failing to move the court to compel the State to produce the victim or assist in locating her so that she could be deposed by trial counsel.

### Anderson's Statement to Law Enforcement

Lastly, Anderson argues that trial counsel was ineffective for failing to move to suppress his statement to law enforcement as involuntarily made. Anderson asserts that he was heavily medicated and therefore unable to understandably waive his *Miranda* rights when he made the statement. Anderson does not assert that any statements are at issue other than those described in the affidavit in support of probable cause. According to that report, Anderson specifically denied that he had strangled the victim. Anderson admitted only that he "did grab the victim by her coat" so that he could get his wallet and telephone from her.

Anderson describes this as a "confession."[26] It clearly was not a confession to the original charge of strangulation, but perhaps could be described as such in relation to the charge of third degree domestic assault to which he pleaded. It cannot be determined on the appellate record whether this "confession" was voluntarily made, and thus, we cannot determine on

---

[26] Brief for appellant at 20.

this record whether a motion to suppress the statement would have had any merit. Neither does the record affirmatively disprove Anderson's assertion that if the statement would have been suppressed, he would not have pleaded no contest to the charge of third degree domestic assault. Therefore, we do not resolve on direct appeal the merits of this allegation of ineffective assistance.

## CONCLUSION

For the foregoing reasons, we affirm the judgment below.

AFFIRMED.