IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. JONES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JOEL F. JONES, APPELLANT.

Filed August 23, 2022.    No. A-21-986.

Appeal from the District Court for Lancaster County: RYAN S. POST, Judge. Affirmed.

Timothy S. Noerrlinger, of Naylor & Rappl Law Office, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

MOORE, RIEDMANN, and ARTERBURN, Judges.

MOORE, Judge.

## INTRODUCTION

Joel F. Jones appeals from his plea-based conviction and sentence in the district court for Lancaster County for manslaughter and possession of a firearm by a prohibited person. On appeal, Jones claims that his sentence was excessive and that he received ineffective assistance of trial counsel in several respects. We find no abuse of discretion in the sentence imposed and the ineffective assistance of counsel claims are refuted by the record.

## STATEMENT OF FACTS

Jones was originally charged by information in October, 2020, with five counts: second degree murder, a Class IB felony; use of a firearm to commit a felony, a Class IC felony; unlawful discharge of a firearm, a Class ID felony; use of a firearm to commit a felony, a Class IC felony; and possession of a firearm by a prohibited person, a Class ID felony. Pursuant to a plea agreement, Jones pled no contest to an amended information charging him with manslaughter, a Class IIA

felony; and possession of a firearm by a prohibited person, a Class ID felony. At the plea hearing, the court advised Jones of the nature of the offenses and the possible penalties, as well as the various rights he would be waiving by pleading no contest. The court further questioned Jones about his trial counsel and Jones agreed that he had told her everything he knew about the case, that he was satisfied with the job she had done for him, that she had not refused or neglected to do anything that he had asked her to do, and that he had had enough time to talk to her about the case. A factual basis was recited by the State which generally revealed that Jones was a passenger in a vehicle, along with three other individuals, which drove by a StarTran bus on a particular street in Lincoln. Jones used a 9mm handgun to shoot at the bus and a bullet struck a passenger in the bus who subsequently died as a result of the gunshot. In addition, Jones had previously been convicted of third degree domestic assault. The court found that Jones' plea was voluntarily and knowingly given, accepted the plea, and found Jones guilty of the amended charges.

At the sentencing hearing, Jones presented to the court a pro se motion to withdraw his plea. Jones addressed the court and stated that he wasn't shown all the evidence before entering his plea; in particular, the video taken from the bus. The court overruled the motion, finding that Jones had not met his burden by clear and convincing evidence on the grounds for withdrawal of his plea. The court proceeded to sentence Jones to 19 to 20 years' imprisonment on the manslaughter charge, and 30 to 40 years' imprisonment on the gun possession charge, with the sentences to run consecutively. Jones was given credit for 474 days of time served.

Jones appeals and has different counsel on appeal.

ASSIGNMENTS OF ERROR

Jones assigns that (1) the lower court abused its discretion by imposing an excessive sentence, and (2) he received ineffective assistance of trial counsel for: failure to allow Jones to review all relevant discovery prior to his plea; failure to investigate exculpatory forensic evidence supporting an alibi; failure to depose material witnesses prior to his plea; and failure to present any evidence on Jones' motion to withdraw his plea.

STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022).

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Anderson*, 305 Neb. 978, 943 N.W.2d 690 (2020). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

ANALYSIS

*Excessive Sentence.*

Jones was convicted of a Class IIA felony and Class ID felony. A Class IIA felony is punishable by up to 20 years' imprisonment. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2020). A

Class ID felony is punishable by a mandatory minimum of 3 years and maximum of 50 years' imprisonment. *Id.* Jones' sentences were within statutory limits.

When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles. See *State v. Blake, supra*. A judicial abuse of discretion exists only when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *Id*. The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Jones argues that the trial court "did not adequately consider his history, character, and condition making it unlikely that after the recommended period of incarceration that he would engage in additional criminal conduct." Brief for appellant at 11.

The presentence investigation report (PSI) prepared in this case indicates that Jones was 28 years old at the time of the offense, has a 10th grade education, is unemployed, and has two dependents. His criminal history includes convictions for driving under the influence, stealing money or goods less than $300, making false statement to police officer, injuring or destroying property of another, trespass, disturbing the peace (twice), failure to appear, third degree domestic assault (twice), theft-shoplifting (twice), possession of forged instrument, possession of controlled substance (marijuana), and attempt of a class IV felony (amended from possession of controlled substance). Jones placed in the high risk range to reoffend on the LS/CMI assessment.

At the sentencing hearing, the trial court stated that it had reviewed the lengthy PSI, had considered Jones' comments and the comments of counsel, and had read the numerous letters of support submitted on Jones' behalf. The court stated that it considered the relevant statutory factors, including his age, education, mentality, past criminal record and motivation for the offense as well as the nature of the offense. The court noted that Jones made two very bad decisions: possessing a firearm despite being prohibited from doing so, and deciding to shoot at an occupied city bus. The court also noted that in his presentencing interview, Jones appeared to take little or no responsibility for these crimes. Finally, the court noted his score in the high risk range to reoffend.

It is clear that the trial court considered the appropriate factors in sentencing Jones. We find no abuse of discretion in the sentences imposed.

*Ineffective Assistance of Counsel Framework.*

Jones claims that his trial counsel was ineffective in several respects. The State submits that the record before this Court is sufficient to resolve all of Jones' claims.

To prevail on a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or

her defense. *State v. Jaeger*, 311 Neb. 69, 970 N.W.2d 751 (2022). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Anderson*, 305 Neb. 978, 943 N.W.2d 690 (2020). To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. When a conviction is based upon a plea of no contest, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading no contest. *Id*.

When, as in this case, a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019). Once raised, an appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *State v. Drake*, 311 Neb. 219, 971 N.W.2d 759 (2022). The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id*. Conversely, an ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *Id*.

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *State v. Golyar*, 301 Neb. 488, 919 N.W.2d 133 (2018).

*Failure to Provide Discovery.*

Jones first claims that his trial counsel was ineffective in failing to provide him with all discovery in the case. In his brief, he argues that he was not provided with video of the vehicle which drove by the StarTran bus and from which shots were fired. Jones claims that the video did not provide a clear way to identify the individual who fired the gun from the vehicle that ultimately hit the victim. Jones asserts that he was misled regarding the viability of any defenses showing that he was not the individual who fired the gun, which led to him entering a plea.

The State first points to information in the PSI which suggests that Jones had viewed the video evidence prior to entering his plea. Moreover, the State points to the information in the PSI and the factual basis which shows that the other individuals in the vehicle identified Jones as the shooter and that the gun from which the shots were fired was found in Jones' possession at the time of his arrest.

We agree that this claim may be determined on direct appeal and that the record affirmatively shows that, assuming without deciding that counsel did not show the video evidence to Jones prior to entering his plea, given the other information identifying him as the shooter, counsel was not deficient in this regard. This claim of ineffective assistance of trial counsel fails.

*Failure to Investigate Exculpatory Evidence.*

Jones next claims that although he was aware that the gun used in the shooting was found on his person at the time of his arrest, he claims that he was not advised of discovery showing that no gunshot residue was found on his hands. He claims this evidence would tend to indicate that he had not recently fired a gun, which evidence would provide a potential defense. Jones also asserts that trial counsel failed to discuss the existence of cellular phone data that could be used to place him in a different location at the time of the shooting. He argues that this evidence was not provided to him prior to entering his plea.

The record is sufficient to address and refute this claim. The PSI reveals that the forensic analysis of Jones' cell phone did not disclose any location data for the day in question, therefore, the lack of data tying him to the location of the shooting was not exculpatory evidence and trial counsel was not ineffective for allegedly failing to supply this information to Jones. Further, the PSI shows that Jones was not arrested for nearly 3 hours after the shooting, therefore, the lack of gunshot residue on his hands is not necessarily exculpatory and trial counsel was not ineffective for allegedly failing to supply this information to Jones. This claimed error fails.

*Failure to Depose Witnesses.*

Jones claims that he advised trial counsel, well in advance of trial, that he wanted to have three named witnesses deposed prior to trial or plea. The record reveals that these three witnesses were in the vehicle with Jones at the time of the shooting and identified Jones as the shooter. These witnesses were interviewed by law enforcement after Jones' arrest and a summary of their statements is contained in the PSI. Jones argues that the failure to depose these individuals was material to his decision to enter a plea. He asserts that the depositions could have aided in further discovery of exculpatory evidence to support that appellant did not shoot the gun.

The record from the plea hearing refutes this claim. When asked by the trial court whether his attorney failed to do anything that he requested, Jones answered in the negative. This claim of ineffective assistance of trial counsel fails.

*Failure to Present Evidence on Motion to Withdraw Plea.*

As noted above, at the sentencing hearing, Jones presented a pro se motion to withdraw his plea, arguing that he had not been shown the video from the bus. Jones claims his trial counsel was ineffective for failing to present any evidence to support the motion, to seek a continuance in order to confer with Jones, or attempt to assist Jones in his motion in any substantive way. Jones argues that as a result, his motion to withdraw his plea was denied.

We previously concluded that any video from the bus was not exculpatory since other information clearly identified Jones as the shooter. As such, the trial court did not err in denying the motion to withdraw plea due to Jones' not having seen the video prior to entering his plea. Accordingly, trial counsel was not ineffective in not assisting Jones in pursuing his motion to withdraw plea. Further, given the weight of the evidence against Jones, as outlined in the PSI, it is unlikely that Jones' withdrawal of his plea would have been beneficial to him, particularly given the additional charges against him that were dismissed as part of the plea agreement. This claim fails.

## CONCLUSION

We find no abuse of discretion by the trial court in the sentences imposed. Jones' allegations of ineffective assistance of counsel fail as they are refuted by the record. The convictions and sentences are affirmed.

AFFIRMED.