IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. LINEHAN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

RYAN D. LINEHAN, APPELLANT.

Filed January 31, 2023.    No. A-22-548.

Appeal from the District Court for Sarpy County: STEFANIE A. MARTINEZ, Judge. Affirmed.

Angela M. Minahan, of Reinsch, Slattery, Bear, Minahan & Prickett, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

MOORE, RIEDMANN, and BISHOP, Judges.

MOORE, Judge.

## I. INTRODUCTION

Ryan D. Linehan appeals from his plea-based conviction and sentence in the district court for Sarpy County for attempted first degree sexual assault. Linehan asserts that he received ineffective assistance of trial counsel in various regards and that the district court abused its discretion in imposing an excessive sentence. We affirm.

## II. STATEMENT OF FACTS

On January 19, 2021, Linehan was charged by complaint in Sarpy County Court with first degree sexual assault of a child under 12 years old, a Class IB felony, and child abuse, a Class IIIA felony.

On February 23, 2021, Linehan's public defender filed a motion to withdraw as counsel, stating that a conflict of interest existed as the Public Defender's Office was also representing another particular defendant in a separate criminal matter. The county court granted the motion to withdraw and appointed Linehan an alternate public defender. While the order also notes that a hearing was held on the motion to withdraw, a bill of exceptions from this hearing does not appear in our record.

On April 29, 2021, the case was bound over to district court and Linehan was charged by information with first degree sexual assault of a child under 12 years old and child abuse.

On July 26, 2021, Linehan's alternate public defender filed a motion to withdraw as counsel, citing an unspecified conflict of interest. A hearing on the motion was held on August 4.

At the hearing, Linehan's alternate public defender stated that he had also been appointed as counsel for Linehan's alleged victim in an unrelated criminal matter. While the alternate public defender had been appointed to the alleged victim's case over 3 months before being appointed to Linehan's case, because the alleged victim had just been "picked up" on an outstanding warrant, he had only recently been made aware of the conflict. Linehan confirmed that his alternate public defender had explained the conflict of interest to him.

The district court granted the motion to withdraw and appointed a second alternate public defender to represent Linehan. Linehan stated to the court, "[H]opefully there's no conflict of interest because this is the third lawyer I have had. And I haven't had nobody see me in six months, and I am just sitting here."

On August 8, 2021, Linehan's second alternate public defender filed a motion to withdraw. The motion stated that a conflict of interest existed due to the law office's previous representation of a particular client. An order filed on August 17 demonstrates that the district court granted the motion to withdraw and appointed Linehan a third alternate public defender. While the order also notes that a hearing was held on the motion to withdraw, a bill of exceptions from this hearing does not appear in our record.

Pursuant to a plea agreement, Linehan pled no contest to an amended information which dismissed the child abuse charge and reduced the sexual assault charge to attempted first degree sexual assault. At the plea hearing held on April 5, 2022, the district court advised Linehan of the nature of the amended charge and its possible penalties. Linehan was also advised of his various rights that he would be waiving by entering a plea. Linehan acknowledged that he understood the charge, possible penalties, and the rights he would be waiving. Linehan responded affirmatively that he was entering his plea freely and voluntarily and that his plea was not the result of any threats or promises.

The following factual basis was recited by the State at the plea hearing:

[On] July 21st, 2020, officers were dispatched . . . in reference to a possible inappropriate contact between an adult male and a juvenile female. Officers had learned that the victim, LB, whose date of birth [is December 2008], was living at that residence located in La Vista, Sarpy County, Nebraska. She was living there with her mother and her mother's boyfriend. Officers learned that at that time the defendant, Ryan Linehan, whose date of birth is [April 1980], was there and was having inappropriate contact with LB.

Officers thereafter through investigation learned that on or about March 1st . . . the defendant, Ryan Linehan, had sexually assaulted LB. Specifically, LB had indicated that

she was at that house. She was in her room with the defendant, Ryan Linehan, that her mother was in a room next door, that Ryan Linehan put his penis in LB's vagina and that he began to move his body up and down. She indicated that it happened in the cozy chair in her bedroom. At the time that it happened, LB was not consenting to the defendant doing that and, also, given her age, she . . . was mentally or physically incapable of resisting or apprizing the nature of the defendant's conduct.

All of those events occurred in Sarpy County, Nebraska. . .

The district court found that there was a factual basis for the plea, that Linehan understood the charge and possible penalties, that he understood his trial rights, and that he knowingly, intelligently, and voluntarily waived each of those rights. The court accepted Linehan's plea of no contest and found him guilty.

Sentencing was held on June 27, 2022. Linehan was sentenced to 14 to 20 years' imprisonment and was given credit for 503 days served.

Linehan appeals.

## III. ASSIGNMENTS OF ERROR

Linehan assigns, reordered, that his counsel was ineffective because his multiple appointed trial counsel withdrew as a result of conflicts, his speedy trial period had nearly expired prior to Linehan being appointed counsel without a conflict, and his trial counsel failed to timely withdraw based upon a conflict of interest. Linehan also assigns that the district court erred in imposing an excessive sentence.

## IV. STANDARD OF REVIEW

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Anderson*, 305 Neb. 978, 943 N.W.2d 690 (2020). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022).

## V. ANALYSIS

### 1. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Linehan assigns that his trial counsel was ineffective in several regards. Before addressing each claim, we set forth the general framework for ineffective assistance of counsel claims.

To prevail on a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. Jaeger*, 311 Neb. 69, 970 N.W.2d 751 (2022). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Anderson*, 305 Neb. 978, 943 N.W.2d 690 (2020). To show prejudice, the defendant must demonstrate a reasonable probability

that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. When a conviction is based upon a plea of no contest, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading no contest. *Id*.

When, as in this case, a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019). Once raised, an appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *State v. Drake*, 311 Neb. 219, 971 N.W.2d 759 (2022). The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id*. Conversely, an ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *Id*.

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *State v. Golyar*, 301 Neb. 488, 919 N.W.2d 133 (2018). Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022).

### (a) Withdrawal of Multiple Trial Counsel

Linehan assigns that he had multiple trial counsel appointed, all of which withdrew as a result of conflicts. Linehan's argument focuses only on his first alternate public defender, who was appointed on February 26, 2021, and filed a motion to withdraw on July 26. He does not discuss his representation by any other trial counsel.

Linehan does not further elaborate the basis for this claimed counsel deficiency, and does not allege how withdrawal for a conflict of interest amounts to ineffective representation. Nor does Linehan allege that representation by multiple attorneys created specific trial preparation difficulties or delays. We conclude that Linehan has failed to allege this claim of deficient performance with sufficient particularity. A claim of ineffective assistance that is insufficiently stated is no different than a claim not stated at all. *State v. Drake, supra*.

### (b) Near Expiration of Speedy Trial Period

Linehan assigns that the speedy trial clock had nearly expired prior to him being appointed counsel without a conflict.

We note that the information charging Linehan was filed in district court on April 29, 2021, which results in a speedy trial deadline of October 29. See *State v. Coomes*, 309 Neb. 749, 962

N.W.2d 510 (2021) (reaffirming that 6-month period within which accused is to be brought to trial refers to period of 6 calendar months, not 180 days). More than 3 months remained on Linehan's speedy trial clock at the time his first alternate public defender motioned to withdraw on July 26. Because Linehan's speedy trial clock had not yet expired by the time he was appointed counsel without a conflict of interest on August 17, Linehan cannot establish prejudice as a matter of law. See *State v. Drake, supra*. This claim fails.

### (c) Failure of Trial Counsel to Timely Withdraw

Linehan assigns that his trial counsel failed to timely withdraw based upon a conflict of interest. He argues that his first alternate public defender failed to realize a conflict of interest existed for several months, and thus failed to timely withdraw. At the August 4, 2021, hearing on his motion to withdraw, Linehan's alternate public defender stated that he had not realized that he was also appointed to represent Linehan's alleged victim until the alleged victim had been picked up on her outstanding warrant and was present at her first bond review.

However, without more information regarding the timeline of the alternate public defender's specific appointments and when he became aware of the conflict of interest, we are unable to determine whether the alternate public defender was deficient in failing to timely withdraw as Linehan's counsel. We conclude that the record is insufficient to address this claim.

### (d) Claim Not Specifically Assigned

Although not included in his assignments of error, Linehan argues that his first alternate public defender was deficient by failing to conduct any form of discovery during his time of appointment. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Wood*, 310 Neb. 391, 966 N.W.2d 825 (2021). Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity. *State v. Drake*, 311 Neb. 219, 971 N.W.2d 759 (2022). Because Linehan did not include any reference to this claimed trial counsel deficiency in his assignments of errors, we do not address this claim.

### 2. EXCESSIVE SENTENCE

Linehan assigns that the sentence imposed by the district court was excessive and amounted to an abuse of discretion. Linehan was convicted of attempted first degree sexual assault, a Class IIA felony, which is punishable by a maximum of 20 years' imprisonment. Neb. Rev. Stat. § 28-105(1) (Reissue 2016). Linehan was sentenced to a term of 14 to 20 years. The sentence was within the statutory limits. Nevertheless, Linehan argues that the sentence was excessive and that a term of probation would have allowed Linehan access to rehabilitative and mental health services.

When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022). A judicial abuse of discretion exists only when a trial court's decision is based

upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *Id*. The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

The presentence investigation report (PSI) indicates that Linehan was 40 years old at the time of the offense, had graduated from high school, and was not employed. Between 2005 and 2011, Linehan was convicted of various driving violations for which he was fined and placed on probation, including twice for driving while intoxicated and a driving while license revoked conviction. Linehan was convicted of domestic assault causing bodily injury in 2012, third degree harassment in 2013, and willful injury causing serious injury in 2015. Linehan was also convicted of obstructing a peace officer in 2020 because he resisted being arrested for the present offense. At the time of the PSI, Linehan had pending charges and outstanding warrants for child abuse and attempted generation of sexually explicit visual depiction in 2020, and possession of weapons and assault charges from 2021 (after the present offense). The overall Level of Service/Case Management Inventory placed Linehan in the medium high risk category to reoffend.

The PSI detailed Linehan's history of substance use and periods of mental distress, including that Linehan suffered a self-inflicted gunshot wound to the chin immediately before he was arrested for the present offense. Linehan described the self-inflicted shooting as a suicide attempt. Throughout the PSI, Linehan denied that the present offense occurred and that he was ever alone with the 11-year-old victim.

At sentencing, the district court indicated that it had considered Linehan's age, mentality, education, experience, social and cultural background, past criminal record or record of law-abiding contact, motivation for the offense, the nature of the offense and the amount of violence involved in the commission of the offense. After noting that it had considered all of the information presented within the PSI, the court observed that Linehan had not accepted responsibility for the present offense and stated that a lesser sentence would depreciate the seriousness of the crime.

Upon our review of the record, we can find no abuse of discretion in the sentences imposed. See *State v. Blake, supra*. This assignment of error fails.

## VI. CONCLUSION

Linehan's claims of ineffective assistance of trial counsel are either insufficiently pled, failed to establish prejudice as a matter of law, or could not be addressed due to an insufficient record. Additionally, the sentence imposed was not an abuse of discretion. We affirm Linehan's conviction and sentence.

AFFIRMED.