IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. SMITH

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

WILLIAM R. SMITH, APPELLANT.

Filed March 28, 2023.    No. A-22-697.

Appeal from the District Court for Lancaster County: ANDREW R. JACOBSEN, Judge. Affirmed.

Douglas L. Kerns for appellant.

Michael T. Hilgers, Attorney General, and Melissa R. Vincent for appellee.

PIRTLE, Chief Judge, and RIEDMANN and ARTERBURN, Judges.

RIEDMANN, Judge.

## INTRODUCTION

William R. Smith appeals his plea-based convictions and sentences entered by the Lancaster County District Court. He assigns that his sentences were excessive and that his trial counsel was ineffective. Having reviewed his claims and the record, we affirm his convictions and sentences.

## BACKGROUND

On February 24, 2022, Dashana Baker, who was dating Smith and shared a child with him, was out for the night and returned home in the early morning hours of February 25. Smith became angry and accused Baker of "cheating." Smith physically assaulted her, causing injury to her nose and shoulder. Smith then pinned her down with both of his hands on her neck and applied pressure until she lost consciousness. When Baker regained consciousness, she was still in the same position

with Smith on top of her, and Smith grabbed her by her hair, pulled her off the bed, and threw her down the stairs.

Baker went back upstairs because her children were standing across the hall and crying while watching the assault. Smith continued the assault and held a pocketknife with an approximately three inch blade against her throat. When one of her children verbally intervened, he told the child to shut up or he would kill Baker. Smith again threw Baker down the stairs.

Smith took the child he shared with Baker and instructed the other children to go to their rooms. He forced Baker and the child into a vehicle and started driving to the residence of Javen Fisher. Smith told Baker she should call her children's father because she would never see the children again. When they arrived at Fisher's residence, Smith slashed a hole in the passenger tire of Fisher's vehicle. While Smith and Fisher engaged in a physical altercation, Baker was able to drive away. After arriving home, she collected her belongings and her other children, and contacted law enforcement.

In addition to the injuries to Baker's face and shoulder described above, she had redness, abrasions, and cuts on the front, sides, and back of her neck. After contacting Fisher, officers observed that his vehicle had a flat rear passenger tire caused by a one-and-a-half-inch laceration on the tire. Fisher reported that Smith had come to his residence in the early morning hours to confront him about issues, that the two argued, and Smith punched him. Fisher had swelling on the side of his face.

The State charged Smith with nine counts, including three felonies, but as the result of a plea agreement, the charges were reduced to three counts: third degree domestic assault, a Class I misdemeanor; child abuse, a Class I misdemeanor; and third degree assault, a Class I misdemeanor. Smith pled no contest to the charges. The district court accepted Smith's pleas and found him guilty of the charges. A presentence investigation report was ordered. For his conviction of third degree domestic assault, Smith received a sentence of 360 days' imprisonment; for his conviction of child abuse, Smith received a sentence of 90 days' imprisonment; and for his conviction of third degree assault, Smith received a sentence of 30 days' imprisonment. The sentences were ordered to be served consecutively and Smith received credit for 185 days' time served. Smith appeals.

## ASSIGNMENTS OF ERROR

Smith assigns that the district court abused its discretion in imposing an excessive sentence, and that he received ineffective assistance of trial counsel because trial counsel overstated the favorability of the plea agreement and failed to contact defense witnesses and procure exculpatory evidence.

## STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022).

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Stelly*, 304 Neb. 33, 932 N.W.2d 857 (2019). An

appellate court determines as a matter of law whether the record conclusively shows that (1) defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id*.

ANALYSIS

*Excessive Sentences.*

Smith argues the district court abused its discretion by imposing excessive sentences. However, in light of the length of sentences imposed and credit for time served, we issued a show cause order directing the parties to advise this court whether Smith remained incarcerated. We cautioned that failure to respond would be cause for this court to consider the issue moot. See *State v. Campbell*, 24 Neb. App. 861, 900 N.W.2d 556 (2017) (holding excessive sentence claim moot where appellant has served sentence). Neither party filed a response.

While it is not a constitutional prerequisite for jurisdiction, the existence of an actual case or controversy is necessary for the exercise of judicial power. *Johnston v. Nebraska Dept. of Corr. Servs.*, 270 Neb. 987, 709 N.W.2d 321 (2006). A case becomes moot when the issues initially presented in the litigation cease to exist, when the litigants lack a cognizable interest in the outcome of litigation, or when the litigants seek to determine a question which does not rest upon existing facts or rights, in which the issues presented are no longer alive. *Id*.

Smith was sentenced on August 29, 2022, to consecutive sentences totaling 480 days. With good time reduction pursuant to Neb. Rev. Stat. § 47-502 (Reissue 2021) and credit for time served, Smith was required to serve 63 days. Based on our calculations and the parties' failure to respond to the order to show cause, we conclude that Smith has been released; thus, his assigned error relating to the length of his sentences is moot.

*Ineffective Assistance of Counsel.*

Smith argues he received ineffective assistance of trial counsel when counsel overstated the favorability of the plea agreement and failed to contact defense witnesses and procure exculpatory evidence as requested. To prevail on a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient, and that this deficient performance prejudiced their defense. *State v. Anderson*, 305 Neb. 978, 943 N.W.2d 690 (2020).

In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide deficient performance and whether the defendant was or was not prejudiced by counsel's alleged performance. *Id*. The record on direct appeal is sufficient to review a claim of ineffective assistance of trial counsel if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id*.

Smith's claim that trial counsel was ineffective in overstating the favorability of the plea agreement involves discussions that occurred between Smith and trial counsel. No information on these discussions appears in the record. As such, the record on direct appeal is insufficient to address this claim. Because Smith is no longer in custody, we make no comment regarding his ability to further pursue this claim.

Smith also alleges trial counsel was ineffective in failing to contact defense witnesses. When the claim of ineffective assistance on direct appeal involves uncalled witnesses, vague assertions that counsel was deficient for failing to call "witnesses" are little more than placeholders and do not sufficiently preserve the claim. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022). However, the appellate court does not need specific factual allegations as to what the person or persons would have said, which will not be found in the appellate record. *Id*. It is sufficient that appellate counsel give on direct appeal the names or descriptions of any uncalled witnesses forming the basis of a claim of ineffective assistance of trial counsel. *Id*. Such specificity is necessary so that the postconviction court may later identify whether a particular claim of failing to investigate a witness is the same one that was raised on direct appeal. *Id*.

Smith has failed to provide either the names or descriptions of the witnesses he claims trial counsel failed to contact; therefore, he has failed to state this claim with the specificity required and it is not preserved for any subsequent action, if one is available. See *State v. Lee*, 304 Neb. 252, 934 N.W.2d 145 (2019).

Smith also alleges trial counsel was ineffective in failing to procure exculpatory evidence. However, he provides no details as to what this evidence would consist of or what it would show. This claim has not been stated with the specificity required and is not preserved. See *id*.

CONCLUSION

Because Smith has already served his sentences in this case, his assignment of error related to the excessiveness of his sentences is moot. Having reviewed his claims of ineffective assistance of trial counsel, we find that they either cannot be addressed on the record before this court or are insufficiently stated. We affirm the judgment of the district court.

AFFIRMED.