IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MOORE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JEFFREY D. MOORE, APPELLANT.

Filed October 11, 2022.    No. A-22-072.

Appeal from the District Court for Douglas County: HORACIO J. WHEELOCK, Judge. Affirmed.

Sandra L. Jarvis, of Jarvis & Jarvis, L.L.C., for appellant.

Douglas J. Peterson, Attorney General, and Jordan M. Osborne for appellee.

MOORE, RIEDMANN, and ARTERBURN, Judges.

MOORE, Judge.

## I. INTRODUCTION

Jeffrey D. Moore appeals from his plea-based convictions and sentences in the district court for Douglas County for robbery and possession of a deadly weapon during the commission of a felony. Moore asserts that he received ineffective assistance of trial counsel in various regards and that the district court abused its discretion in imposing excessive sentences. We affirm.

## II. STATEMENT OF FACTS

On December 9, 2020, Moore was charged by Information with robbery, a Class II felony, and use of a firearm to commit a felony, a Class IC felony. Pursuant to a plea agreement, Moore pled no contest to an amended information which reduced the weapons charge to possession of a firearm during the commission of a felony, a Class II felony.

- 1 -

On June 30, 2021, the State moved to consolidate Moore's case with that of a co-defendant, Brandon Amos. Following a hearing at which Moore's counsel argued against the consolidation, the district court entered a detailed order, granting the motion to consolidate for trial.

At the plea hearing on December 9, 2021, the district court advised Moore of the nature of the amended charges and the possible penalties, including the statutory requirement that the sentences be imposed consecutively. Moore was also advised of his various rights that he would be waiving by entering a plea. Moore acknowledged that he understood the charges, possible penalties, and the rights he would be waiving. Moore responded affirmatively that he was entering his pleas freely and voluntarily and that his pleas were not the result of any threats or promises. He affirmed that he had enough time to speak to his trial counsel about the case, he told her everything he knew about the case, and he was satisfied with her representation. Moore further agreed that no one had made any promises regarding the sentences he would receive.

The following factual basis was recited by the State at the plea hearing:

. . . [On] September 27, 2020, Officers with the Omaha Police Department responded to a shooting. On arrival they witnessed two black males fleeing the area. One was identified as the codefendant in this matter, Brandon Amos, who officers identified through previous contacts. Made contact with the victim, Orentheian Everett, Jr. Noted that he had multiple gunshot wounds, he was transported to UNMC. Officers that day in talking with UNMC were informed that Everett, Jr. was deemed by the medical staff to be paralyzed.

He was able to provide information to officers that the other codefendant was Jeff Moore. Said that he had known him and had contact with him before. Was able to pick him out of a photo lineup. That day he stated that they had been in contact on Snapchat. Moore was asking Everett, Jr. to buy marijuana. Communications continued. Stated that – he told him that he wasn't interested. That there were other messages insisting that he purchase marijuana from Moore. Stated that he called him on Snapchat around 6:15 and told him to stop texting him and said he didn't want to buy any. And that he was informed Moore had just pulled up to meet him outside.

Everett, Jr. stated that he had a bad feeling so he armed himself with his father's pistol, walked out to meet him. Noted that Moore was in the front seat passenger of a maroon four-door sedan, same description. That description matches the vehicle officers saw flee the area when they arrived. Said he had put the firearm in his coat pocket and he got in the back passenger seat of the vehicle. He did not know who the driver was.

Everett, Jr. said he confronted Moore about pulling up to his neighborhood trying to sell marijuana when he told him not to. An argument ensued. Everett, Jr. told Moore he needs to leave, and stated that the driver who was later identified as Brandon Amos quickly reached towards him in the backseat and took the handgun from Everett, Jr.'s pocket. Began saying the gun was theirs now and how much they liked it.

Everett, Jr. stated that he asked for them to give the gun back and it belonged to his dad. Said Moore then brandished a silver and black semiautomatic handgun and made a comment that they brought a gun as well. Everett, Jr. stated both Amos ad Moore told him that he would need to pay them to get the gun back. Stated he repeatedly asked for his dad's gun back. And after it became apparent they were not going to give it to him, he started punching Moore while in the backseat. Everett, Jr. stated Amos exited the driver's seat and

got into the backseat with him. Stated that Amos used Dad's revolver and hit him in the head with a part of the gun causing him to briefly stop fighting Moore. Moore exited the front passenger seat and he exited the rear of the vehicle. They were actively fighting outside the vehicle.

Amos came around the passenger side of the vehicle. At some point Everett, Jr. heard two shots fired and realized that he was hit. Did not know which of the two shot him. All these events in Douglas County, Nebraska.

The district court found that there was a factual basis for the plea, that Moore understood the charges and possible penalties, that he understood his trial rights, and that he knowingly, intelligently, and voluntarily waived each of those rights. The court found that Moore's pleas were made knowingly, intelligently, and voluntarily, and the court accepted his pleas of no contest and found him guilty.

Sentencing was held on January 11, 2022. Moore was sentenced to 20 to 30 years' imprisonment for robbery and to a consecutive term of 10 to 20 years' imprisonment on the weapons charge. Moore was given credit for 433 days served.

Moore appeals.

## III. ASSIGNMENTS OF ERROR

Summarized and restated, Moore assigns that his trial counsel was ineffective in (1) failing to preserve the issue of jurisdiction for appeal because he failed to motion for transfer of Moore's case from district court to juvenile court, (2) failing to depose the victim and failing to investigate the facts and inform Moore on the sufficiency of the evidence before advising him to plead no contest to the charges, (3) arguing against joinder of Moore's case with the co-defendant, and (4) advising him regarding the length of his sentence if he plead no contest to the charges. Moore also assigns that the district court abused its discretion by imposing an excessive sentence.

## IV. STANDARD OF REVIEW

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Anderson*, 305 Neb. 978, 943 N.W.2d 690 (2020). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022).

## V. ANALYSIS

### 1. Ineffective Assistance of Trial Counsel

Moore assigns that his trial counsel was ineffective in several regards. Before addressing each claim, we set forth the general framework for ineffective assistance of counsel claims.

To prevail on a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or

her defense. *State v. Jaeger*, 311 Neb. 69, 970 N.W.2d 751 (2022). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Anderson*, 305 Neb. 978, 943 N.W.2d 690 (2020). To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. When a conviction is based upon a plea of no contest, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading no contest. *Id*.

When, as in this case, a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019). Once raised, an appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *State v. Drake*, 311 Neb. 219, 971 N.W.2d 759 (2022). The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id*. Conversely, an ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *Id*.

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *State v. Golyar*, 301 Neb. 488, 919 N.W.2d 133 (2018). Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity. *State v. Blake, supra*.

(a) Failure to Move for Transfer to Juvenile Court

Moore claims that his trial counsel was ineffective for failing to move to transfer his case to juvenile court pursuant to Neb. Rev. Stat. § 29-1816(2) (Supp. 2021). Moore notes that he was 17 years old at the time of the offense and thus could have moved to have his case transferred. He argues that counsel's failure to do so waived his right to have his case resolved in juvenile court and, if the motion was denied, waived his right to appeal the decision to the appellate court. We note, however, that in his written waiver of appearance/plea of not guilty, Moore acknowledged that his attorney advised him, among other things, of his right to have the matter transferred to juvenile court.

Moore does not further elaborate the basis for this claimed trial counsel deficiency, such as what factors under Neb. Rev. Stat. § 43-276 (Cum. Supp. 2020) would have supported a transfer of his case to juvenile court. We conclude that Moore has failed to allege this claim of deficient

performance with sufficient particularity. A claim of ineffective assistance that is insufficiently stated is no different than a claim not stated at all. *State v. Drake, supra.*

### (b) Failure to Depose Victim and Investigate Facts

Moore argues that trial counsel failed to depose Everett Jr., "an impeachable witness who made false statement to law enforcement and had a 'problematic' history with [Moore]." Brief for appellant at 17. Moore asserts that trial counsel accepted the victim's statements without first deposing the victim. Moore claims that he disputed the victim's statement from the very beginning. Moore concludes that trial counsel's failure to depose Everett Jr. was highly prejudicial to Moore's defense. We note that trial counsel did move to take the victim's deposition, which motion was granted. The record indicates that attempts to schedule the deposition were delayed due to the victim's treatment for the injuries sustained in the incident. The record does not further indicate whether the deposition was taken prior to the entry of the plea.

Moore further argues that trial counsel failed to test the State's case in any fashion and failed to inform him on the sufficiency of the evidence before advising him to plead no contest to the charges. Finally, Moore asserts that trial counsel treated his case as less important than paying clients, telling Moore that had he been able to pay for private counsel, a private investigator could have been hired to assist in his defense.

These claims are refuted by the record from the plea hearing. At that time, Moore assured the district court that he had enough time to speak to his trial counsel about the case, he told her everything he knew about the case, and he was satisfied with her representation. Moore also indicated that there was not any other information or advice that he wanted from his attorney before entering his pleas. Thus, Moore's admissions during the plea hearing refuted his claim that trial counsel failed to properly investigate the State's case or improperly advised Moore to plead to the charges. See *State v. Vanness*, 300 Neb. 159, 912 N.W.2d 736 (2018) (finding ineffective assistance of counsel claim refuted by defendant's statements to court during plea colloquy).

### (c) Arguing Against Joinder of Case With Co-Defendant

Moore argues that his trial counsel failed to effectively argue against joinder of his case with that of the co-defendant, Amos. Moore argues that he was prejudiced by the joinder because of the risk that a jury or trial court would attribute him as the shooter. Moore claims that the relevant evidence and facts point to Amos being the shooter. He argues that joinder prevented him from calling Amos as a witness to contest the victim's false narrative since Amos could not be compelled to testify and had a right to remain silent, whereas had the cases not been joined, Moore could have called Amos as a witness without implicating him since he had a right against self-incrimination for the shooting.

The bill of exceptions presented to us does not contain the hearing on the motion to consolidate Moore's case with the case of Amos, so we do not know what argument trial counsel made regarding the motion.

A review of the district court's detailed order granting the consolidation reveals that Moore's trial counsel argued that Moore would be prejudiced if the cases were consolidated for a single trial because a statement made by Amos to law enforcement after his arrest (denying Amos' involvement in the crime) would be admissible in the consolidated trial. The court further noted

Moore's counsel's argument that if Amos' statements were permitted in a joint trial, he would be unfairly prejudiced because he would not have an opportunity to cross-examine Amos.

The district court thoroughly analyzed, and rejected, these arguments. The court noted that Amos' statement to law enforcement did not implicate Moore in a crime or mention him as an accomplice. The court further discussed whether admission of Amos' statement during a joint trial would violate Moore's confrontation clause rights but noted that Moore could petition the court in limine to exclude Amos' statement during the consolidated trial. The court declined to make a finding of prejudice until such a motion was before the court. The court concluded that Moore failed to meet his burden of proving prejudice.

Finally, although the district court did not address this specific issue in its order, Moore's assertion that calling Amos as a witness in a separate trial would have benefited his case fails to acknowledge that Amos could still have asserted his right against self-incrimination. And, Moore's claim that he could have established that Amos was the shooter is not relevant in that Moore was not charged with the actual shooting of the victim. Thus, Moore cannot establish prejudice by trial counsel's alleged failure to effectively argue against joinder.

### (d) Advising of Length of Sentence

Moore asserts that his trial counsel failed to advise him properly of the possible sentence range when advising him to accept the plea. Moore claims that trial counsel advised him that, because of his age, he would receive no more than 12 years at sentencing. He argues that he "felt the weight of the system against him, and he ultimately gave in when he was [given] false hope." Brief for appellant at 20. He claims that it is difficult to believe that he would have come out much worse than the sentence of 30 to 50 years' imprisonment ultimately imposed had he insisted on going to trial and been convicted.

This claim is refuted by the record from the plea hearing. The district court advised Moore of the possible penalties for each of the charges, including the statutory requirement that the sentences be served consecutively. Moore indicated that he understood the penalties and the maximum possible imprisonment. Moore denied that he had been given any promises with respect to his possible sentence in exchange for pleading no contest. See *State v. Vanderpool*, 286 Neb. 111, 835 N.W.2d 52 (2013) (allegations of ineffective assistance which are affirmatively refuted by defendant's assurances to sentencing court do not constitute basis for postconviction relief). This claim fails.

### 2. EXCESSIVE SENTENCE

Moore assigns that the sentence imposed by the district court was excessive and amounted to an abuse of discretion. Moore was convicted of robbery and possession of a deadly weapon, both Class II felonies, which are punishable by a minimum of 1 year and a maximum of 50 years' imprisonment. Neb. Rev. Stat. § 28-105(1) (Reissue 2016). Moore was sentenced to consecutive terms of 20 to 30 years, and 10 to 20 years, respectively. The sentences were within the statutory limits. Nevertheless, Moore argues that the sentences were excessive and that the district court did not take into account certain mitigating factors. He points to his young age, that he was acting under the influence of another adult, he was suffering from extreme emotional disturbance, the victim was the first aggressor, and he accepted responsibility for his actions.

When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022). A judicial abuse of discretion exists only when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *Id*. The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

The presentence investigation report (PSI) indicates that Moore was 17 years old at the time of the offense, he quit school during the 9th grade, and he was not employed. He has had numerous cases filed in juvenile court, some of which were cancelled or dismissed, and some which resulted in detentions and adjudications. Until the present case, charges that were filed against Moore in adult court were transferred to juvenile court, including two robbery charges in 2017 and 2018. The overall Level of Service/Case Management Inventory placed Moore in the very high risk category to reoffend.

At sentencing, the district judge indicated that he had considered Moore's age, mentality, education, experience, social and cultural background, past criminal record or record of law-abiding contact, motivation for the offense, the nature of the offense and the amount of violence involved in the commission of the offense. After noting that this was a senseless act, the judge stated: "Let the record be clear that [Moore] has received as much mitigating circumstances as I could give him with regard to his youth and his age of being 17 at the time of this occurrence."

Upon our review of the record, we can find no abuse of discretion in the sentences imposed. See *State v. Blake, supra*. This assignment of error fails.

## VI. CONCLUSION

Moore's claims of ineffective assistance of trial counsel are either insufficiently pled or are affirmatively refuted by the record. The sentences imposed were not an abuse of discretion. We affirm Moore's convictions and sentences.

AFFIRMED.