IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. WEAVER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

CORNELIUS L. WEAVER, APPELLANT.

Filed April 18, 2023.    No. A-22-649.

Appeal from the District Court for Saline County: DAVID J.A. BARGEN, Judge. Affirmed.

Matthew K. Kosmicki for appellant.

Douglas J. Peterson, Attorney General, and Teryn Blessin for appellee.

MOORE, BISHOP, and WELCH, Judges.

MOORE, Judge.

## INTRODUCTION

Cornelius L. Weaver pled guilty to, and was convicted of, Attempted Assault on an Officer (first degree), Assault with Bodily Fluid Against a Public Safety Officer, Obstructing a Peace Officer, and Second Degree Criminal Trespass. He was sentenced to concurrent terms of imprisonment totaling 20 to 30 years. On appeal, Weaver claims that his trial counsel was ineffective in several respects and that the district court imposed excessive sentences. We affirm.

## STATEMENT OF FACTS

On December 13, 2021, Weaver was charged in the Saline County Court with two counts of Assault on an Officer in the Third Degree, two counts of Assault with a Bodily Fluid Against a Public Safety Officer, Resisting Arrest (second offense), Obstructing a Peace Officer, Second Degree Criminal Trespass, Criminal Mischief, and Disturbing the Peace. The charges all stemmed from an incident on December 10.

- 1 -

An Amended Information was filed in the district court on June 6, 2022, charging Weaver with Attempted Assault on an Officer (first degree), a Class II felony; Assault with a Bodily Fluid Against a Public Safety Officer, a Class I misdemeanor; Obstructing an Officer, a Class I misdemeanor; and Second Degree Criminal Trespass, a Class II misdemeanor. The remaining charges were dismissed pursuant to a plea bargain agreement. A Notice of Plea Agreement was also filed the same day, signed by Weaver, his counsel, and the county attorney. A plea hearing was conducted, also on June 6. The district court found Weaver's pleas were entered knowingly, intelligently, and voluntarily; found that a factual basis for the pleas was given; accepted Weaver's pleas of guilty to the amended charges; and found him guilty of the charges.

Following a presentence investigation, Weaver was sentenced to concurrent terms of 20-30 years' imprisonment for the Class II felony, 1 year imprisonment for each of the Class I misdemeanor charges, and 6 months for the Class II misdemeanor charge. Further details of the written plea agreement and plea hearing will be discussed in the analysis below.

## ASSIGNMENTS OF ERROR

Weaver assigns as error that his trial counsel was ineffective for (a) failing to explain to him the criminal procedure process and ensure that he understood what options were available to him, (b) failing to provide him with the evidence against him and review it with him, (c) failing to investigate Weaver's defenses and not deposing the State's witnesses, and (d) refusing to proceed to jury trial despite Weaver's wishes and forcing him to enter a plea. Weaver also assigns that the district court abused its discretion by imposing an excessive sentence.

## STANDARD OF REVIEW

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020).

## ANALYSIS

*Ineffective Assistance of Trial Counsel.*

Weaver assigns four claims of ineffective assistance of trial counsel. Generally, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge. *State v. Blaha, supra*. Thus, when a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *Id.*

Weaver is represented by different counsel on direct appeal than he was at trial. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *Id*. Once raised, the appellate court will determine

whether the record on appeal is sufficient to review the merits of the ineffective performance claims. See *State v. Lierman, supra*. The record on direct appeal is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *State v. Theisen*, 306 Neb. 591, 946 N.W.2d 677 (2020).

To prevail on a claim of ineffective assistance of counsel, the defendant must show that his or her counsel's performance was deficient, and that this deficient performance actually prejudiced the defendant's defense. *State v. Anderson*, 305 Neb. 978, 943 N.W.2d 690 (2020); see also *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Blaha, supra*. In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Id*. When a conviction is based upon a guilty or no contest plea, the prejudice requirement of an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id*. The two prongs of the ineffective assistance of counsel test under *Strickland* may be addressed in either order. *Id.*

The necessary specificity of allegations of ineffective assistance of trial counsel on direct appeal for purposes of avoiding waiver requires, at a minimum, allegations of deficient performance described with enough particularity for an appellate court to make a determination of whether the claim can be decided upon the trial record and also for a district court later reviewing a potential petition for postconviction relief to be able to recognize whether the claim was brought before an appellate court. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022).

With these governing principles in mind, we turn now to address Weaver's four ineffective assistance of trial counsel claims. Although Weaver claims that the record is insufficient to address any of his claims, we find the record is sufficient to address all of them.

Weaver first assigns that his trial counsel was ineffective for failing to explain to him the criminal procedure process and ensure that he understood what options were available to him. He argues in his brief that trial counsel only met with him a few times; that Weaver indicated he did not understand the legal process or evidence; and that trial counsel did not explain criminal procedure, the charges and the elements of the crimes, the difference between a plea and a trial, or the level of proof required to convict him. Weaver argues that had trial counsel explained these things, he would not have entered a plea but would have defended himself at trial.

Weaver next assigns that his trial counsel was ineffective for failing to provide him with the evidence against him and review it with him. Weaver argues that trial counsel failed to meet with him, failed to adequately review discovery materials, failed to provide him with the discovery materials, failed to investigate his defense, and failed to prepare for trial. Weaver further asserts that it was not until after he was sentenced that he was able to review some police reports and discovered inaccuracies and possible defenses.

Next, Weaver assigns that his trial counsel was ineffective for failing to investigate his defenses and depose the State's witnesses. Weaver claims that if his trial counsel would have met and reviewed the evidence with him, Weaver would have asked counsel to depose two of the

State's witnesses. Weaver further claims that he would have advised counsel of his desire to go to trial.

Finally, Weaver assigns that trial counsel was ineffective for refusing to proceed to a jury trial despite Weaver's wishes and forcing him to enter a plea. Weaver argues that trial counsel negotiated a plea agreement without his consent, and when presented with the written plea agreement at the hearing, trial counsel did not explain it to him but instead pressured him to sign it.

We find the record to be sufficient to address Weaver's claims. First, the written plea agreement, signed by Weaver, indicates that Weaver was 34 years old and had completed at least 16 years of school. Weaver states that he is not presently under the influence of alcohol or drugs and has never been determined to be mentally incompetent or mentally ill. Weaver indicates that his attorney has represented him adequately, and to his satisfaction. Weaver confirms that he has received a copy of the information, and had read it and discussed it with his lawyer. He states that he told his lawyer all of the facts and circumstances about the charges brought against him and his lawyer is fully informed on all such matters. Weaver then recites the agreement (that he plead guilty to the Amended Information and the remaining charges will be dismissed), and that there was no agreement on sentencing recommendations by the county attorney. Weaver states that his lawyer has advised him on the nature of the elements of each charge, any lesser included charges, and on all possible defenses that he may have in the case. Weaver affirmed his understanding that he is presumed to be innocent, of his constitutional rights (including right to jury trial), and that he is waiving those rights by pleading guilty, with the result that there will be no trial. Finally, Weaver states that he has been informed of the possible sentences.

At the plea hearing, the district court recited the plea agreement and Weaver confirmed his understanding of it. Weaver affirmatively waived the 24-hour waiting period following the filing of the Amended Information. The court asked preliminary questions of Weaver and thereafter found that he was following the questions, giving suitable answers, and was not affected by alcohol, narcotics, or other controlled substances. The court proceeded to advise Weaver of his rights, including his right to an attorney; to a trial by jury; to compel, confront, and cross-examine witnesses; to remain silent; and to the State's requirement to prove his guilt beyond a reasonable doubt. Weaver confirmed his understanding of these rights and the effect of a guilty plea. Weaver denied that anybody made any threats or promises to him to get him to waive his rights, and he agreed that he was waiving his rights freely and voluntarily. Weaver affirmed that he had enough time to speak with his attorney, that he told his attorney everything he knew about the case, and that he was satisfied with the work his attorney had done for him on the case.

The State then recited the following factual basis:

. . . [O]n December 10, 2021, in Crete, Saline County, Nebraska, at about . . . [4 p.m.] in the afternoon, officers with the Crete Police Department were dispatched on a remove party complaint at the Casey's West store in Crete, Saline County, Nebraska.

. . . Sergeant Pucket and Officer Kramer of the police department arrived at that location and made contact with the defendant, Mr. Weaver. Mr. Weaver was inside the store and refused to leave after being informed by the manager on duty at that time to do so.

Officer Kramer asked Mr. Weaver to wait outside so that officers would [sic] talk to him. Mr. Weaver refused to leave the store and was physically escorted out by Officer Kramer. Sergeant Pucket told Mr. Weaver that he had to leave or he would be arrested. Mr. Weaver shouted [expletives] while he raised his middle finger.

Mr. Weaver then told Sergeant Pucket that he sold one of the employees marijuana and that the employee owed him $100. Sergeant Pucket told Mr. Weaver that if he did not leave the premises and if he did come back, that he would be arrested for trespassing.

At about 9:16 in the evening on the same date, Sergeant Pucket was called back to [the store] where a contact had been made with Mr. Weaver previously that day, and Sergeant Pucket arrived at that location with Officer Gamon because Mr. Weaver had returned.

Upon arrival, Sergeant Pucket saw the vehicle he observed Mr. Weaver in when they were there earlier in the day. Sergeant Pucket made contact with a [an employee of the store]. [The employee] stated that Mr. Weaver had gone into the store and was asking where the other employee was at and that he wanted his money. [The employee] stated that Mr. Weaver was not leaving from the counter, and other patrons were having to wait to purchase their items.

Sergeant Pucket informed Mr. Weaver that he was under arrest for trespassing and that he had been warned. Mr. Weaver . . . began being verbally noncompliant immediately and started to physically pull his arms away from Sergeant Pucket and Officer Gamon. Mr. Weaver refused to sit in the patrol car. Officer Gamon attempted to put Mr. Weaver into the car while Pucket got into the backseat from the opposite side and pulled Mr. Weaver into the backseat.

Mr. Weaver was screaming, ["]I am filing a lawsuit.["] And then at . . . 6 minutes and 38 seconds . . . of Sergeant Pucket's body worn cam video, Mr. Weaver says, ["]I'm going to bite you, and I swear to God I'm going to bite you.["]

Sergeant Pucket saw Mr. Weaver kicking Officer Gamon in the chest and arms, and then he heard Mr. Weaver yell ["]fuck you["] and saw him spit into Officer Gamon's face. Pucket attempted to pull Mr. Weaver away from Officer Gamon while Mr. Weaver was actively trying to bite Officer Gamon. Mr. Weaver then tried to bite the arms, fingers and hands of Sergeant Pucket.

Mr. Weaver continued to resist and made comments which were somewhat concerning to [Sergeant] Pucket. Sergeant Pucket used his glove to wipe spit that was hanging off of Officer Gamon's left eye. And then while Sergeant Pucket attempted to sit Mr. Cornelius Weaver up because he was complaining that his arms hurt, Mr. Weaver then stated [expletives] and spit directly into Sergeant Pucket's face and mouth. Mr. Weaver then headbutted Pucket in the right side of his head just behind the right temple causing pain and swelling.

There was additional assistance that arrived from the Saline County Sheriff's Office, and Mr. Weaver was subsequently restrained.

All of this happened in Crete, Saline County, Nebraska, on the date as alleged.

The district court then asked Weaver if he heard the factual basis and still wished to enter pleas of guilty, to which Weaver responded, "Yes, sir." The court found that Weaver's pleas were not the result of any promise or threat; the pleas were entered freely, voluntarily, knowingly, and intelligently; accepted the pleas; found that there were sufficient facts to find him guilty; and found him guilty of the charges in the Amended Information beyond a reasonable doubt.

The averments in the written plea agreement and the representations made by Weaver at the plea hearing refute the allegations that he received ineffective assistance of counsel. Specifically, the record refutes Weaver's allegations that counsel did not explain to him the procedure, the charges and elements, the defenses, and the plea agreement. Weaver affirmed that he was not pressured to enter into the plea agreement, that he had had enough time to communicate with his attorney, and that he was satisfied with his representation. In addition, following the district court's advisements, Weaver indicated that he understood the charges against him, the penalties, and the effect of the plea agreement, including the rights he would be giving up. Thus, Weaver is unable to show that his counsel provided ineffective assistance in the manner he alleges. The claims of ineffective assistance of counsel fail.

*Excessive Sentence*

Weaver assigns that the sentences imposed were excessive and an abuse of discretion.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Stack*, 307 Neb. 773, 950 N.W.2d 611 (2020). When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. See *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Weaver was convicted of a Class II felony, which is punishable by up to 50 years' imprisonment. Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2022). He was sentenced to a term of 20 to 30 years' imprisonment on this felony charge. Weaver was convicted of two Class I misdemeanors and one Class II misdemeanor. These convictions are punishable by up to 1 year imprisonment, or $1,000, or both; and by up to 6 months' imprisonment, or $1,000, or both; respectively. Neb. Rev. Stat. §28-106(1) (Reissue 2016). Weaver was sentenced to 1 year imprisonment on both Class I misdemeanors and to 6 months' imprisonment on the Class II misdemeanor. Thus, his sentences were within the statutory range.

Weaver argues that the trial court failed to adequately consider all of the relevant statutory factors; in particular, his age, his health, his general life circumstances, and his willingness to enter a plea. Weaver points to his mental health issues, including his diagnoses of PTSD and depression, and past suicide attempts. He argues that the trial court overlooked his social and cultural background; including his terrible childhood, that he was a victim of a shooting, and he had

recently lost his mother. He argues that incarceration would prevent him from supporting his fiancé and two small children.

The presentence investigation report (PSI) shows that Weaver's criminal history includes several charges in Louisiana for which the disposition was unknown; including burglary, contributing to the delinquency of juveniles, and criminal trespass. In Nebraska, Weaver has been convicted of attempt of a Class I misdemeanor (amended from third degree assault), second degree criminal trespass, carrying a concealed weapon, third degree assault (two charges), assault – cause bodily injury to person, and driving under suspension. On the Level of Service/Case Management Inventory assessment, Weaver scored in the high risk to reoffend overall.

At the sentencing hearing, the trial judge indicated that he had read and reviewed the PSI, and considered the comments of Weaver and his counsel. The judge indicated that he had considered the relevant factors, including Weaver's age, mentality, education and experience, social and cultural background, past criminal record or record of law-abiding conduct and motivation for the offense, as well as the nature of the offense. The judge found that Weaver is not a fit candidate for probation and that imprisonment is necessary for the protection of the public.

In our review of the record, we cannot say that the trial court abused its discretion in the sentences imposed.

## CONCLUSION

The record refutes Weaver's allegations of ineffective assistance of counsel and those claims fail. The district court did not abuse its discretion in the sentences imposed. The convictions and sentences are affirmed.

AFFIRMED.