IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. CODR

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JASON M. CODR, APPELLANT.

Filed April 25, 2023.    Nos. A-22-618, A-22-619.

Appeals from the District Court for Douglas County: J RUSSELL DERR, Judge. Affirmed.

Gregory A. Pivovar for appellant.

Michael T. Hilgers, Attorney General, and Austin Relph for appellee.

PIRTLE, Chief Judge, and MOORE and WELCH, Judges.

MOORE, Judge.

## INTRODUCTION

Jason M. Codr appeals from his plea-based conviction in the district court for Douglas County for theft by receiving ($5,000 or more), and manufacturing, distributing, or possessing with intent to distribute a controlled substance (methamphetamine). Codr asserts that the district court abused its discretion and violated his constitutional rights in imposing an excessive sentence, and that he received ineffective assistance of trial counsel. We affirm.

## STATEMENT OF FACTS

On November 21, 2021, Codr was charged by complaint in Douglas County Court with possession of a controlled substance (methamphetamine), a Class IV felony, and theft by receiving ($5,000 or more), a Class IIA felony. On February 9, 2022, Codr was charged by another complaint in county court with manufacturing, distributing, or possessing with intent to distribute a controlled

substance (methamphetamine), a Class II felony. The criminal cases were subsequently bound over to district court and treated as companion cases.

At the plea hearing on June 2, 2022, the district court noted that a plea agreement had been reached, whereby Codr would enter a plea of no contest to the charges of theft by receiving, and manufacturing, distributing, or possessing with intent to distribute a controlled substance, and in exchange the State would dismiss the possession of a controlled substance charge as well as an additional charge from a third criminal case. The State confirmed the court's understanding of the plea agreement and Codr indicated that he wanted to proceed with the agreement.

The district court advised Codr of the nature of the two charges and the possible penalties. Codr was also advised of his various rights that he would be waiving by entering a plea. Codr acknowledged that he understood the charges, possible penalties, and the rights he would be waiving. Codr responded affirmatively that he was entering his pleas freely and voluntarily and that his pleas were not the result of any threats or promises.

The following factual basis was recited by the State at the plea hearing:

With respect to. . . theft by receiving, $5,000 or more, on or about August 22nd of 2021 . . . the named victim in the Information, reported her motorcycle had been stolen.

Then on November 7th of 2021, officers responded to an auto accident involving that motorcycle. Mr. Codr was the motorcycle driver, and he could not provide a consistent story about who the motorcycle belonged to. Officers also noted that the ignition device had been tampered with.

The fair market value for the motorcycle is $7,595, according to Kelly's Blue Book on that date. And these events occurred in Omaha, Douglas County, Nebraska.

With respect to . . . our distribution offense before the Court, on or about September 24th of 2021, Omaha police utilized an informant to purchase methamphetamine from Mr. Codr.

The initial part of the deal occurred in a vehicle in which Codr accepted currency from the informant and informed the informant that he didn't have narcotics on him at that time but to arrange to meet with him at a later occasion. Twenty minutes later Mr. Codr, at a different location, provided the CI with 2.55 grams of lab-confirmed methamphetamine.

Officers conducted surveillance on the scene. They also searched the informant before and after the transaction to ensure the integrity of the investigation. The buy is also audio-video recorded. And all events occurred in Omaha, Douglas County, Nebraska.

The district court found that there was a factual basis for the plea, that Codr understood the charges and possible penalties, that he understood his trial rights, and that he knowingly, intelligently, and voluntarily waived each of those rights. The court accepted Codr's plea of no contest and found him guilty on both counts. The State moved to dismiss the possession of a controlled substance charge, which the court sustained.

Sentencing was held on July 19, 2022. Codr was sentenced to 4 to 5 years' imprisonment for theft by receiving and to a consecutive term of 12 to 15 years' imprisonment for manufacturing, distributing, or possessing with intent to distribute a controlled substance. Codr was given credit for 154 and 12 days served, respectively.

Codr appeals.

ASSIGNMENTS OF ERROR

Codr assigns, restated, that the district court abused its discretion and violated his constitutional rights in imposing excessive sentences. Codr also assigns that his trial counsel was ineffective in failing to investigate any defenses provided by Codr and in recommending Codr plead to charges which could not be proven.

STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Hines*, 313 Neb. 685, 985 N.W.2d 625 (2023).

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Anderson*, 305 Neb. 978, 943 N.W.2d 690 (2020). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

ANALYSIS

*Excessive Sentences.*

Codr first assigns that that the sentences imposed by the district court were excessive and amounted to an abuse of discretion. Codr was convicted of manufacturing, distributing, or possessing with intent to distribute a controlled substance (methamphetamine), a Class II felony, which is punishable by a minimum of 1 year and a maximum of 50 years' imprisonment. Neb. Rev. Stat. § 28-105(1) (Reissue 2016). Codr was also convicted of theft by receiving ($5,000 or more), a Class IIA felony, which is punishable by a maximum of 20 years' imprisonment. See § 28-105(1). Codr was sentenced to consecutive terms of 12 to 15 years, and 4 to 5 years, respectively. The sentences were within the statutory limits. Nevertheless, Codr argues that the sentences were excessive and not proportionate to his crimes, which he characterizes as minor.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Hines*, 313 Neb. 685, 985 N.W.2d 625 (2023). When imposing a sentence, the sentencing court is to consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *Id.* The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Greer*, 312 Neb. 351, 979 N.W.2d 101 (2022).

The presentence investigation report (PSI) indicates that Codr was 42 years old at the time of the offenses, had obtained his GED, and was not employed. Codr has a history of driving offenses dating back to 1996. Codr was convicted of two federal counts of manufacturing

methamphetamine in 2009, for which was sentenced to a term of 3 years' imprisonment. Coder was also convicted of possession of a controlled substance in 2018, for which he was sentenced to a term of 2 years' imprisonment. The PSI also noted that Codr had disobeyed orders and was in possession of contraband while incarcerated and awaiting sentencing in this case. The overall Level of Service/Case Management Inventory placed Codr in the very high risk category to reoffend.

At sentencing, the district court stated that, "in crafting an appropriate sentence, [the court has] to take into consideration many, many factors, and especially in a case like this where there's such a . . . long range of sentence[s]." The court specifically noted Codr's age, mentality, social background, past criminal record, and the nature of the offense. The court also indicated that it had considered all of the information presented within the PSI and observed that probation would not be appropriate for Codr, given his recidivism following previous drug related convictions.

Upon our review of the record, we can find no abuse of discretion in the sentences imposed. See *State v. Hines, supra*. This assignment of error fails.

*Eighth Amendment Violation.*

Codr also assigns that the district court imposed an unconstitutionally excessive sentence. Codr contends that the sentences imposed by the district court are disproportionate to the crimes and therefore violated his right to be free from cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution.

The factors to be considered in determining whether punishment is unconstitutionally cruel and unusual are (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *State v. Loschen*, 221 Neb. 315, 376 N.W.2d 792 (1985). Regardless of its severity, a sentence of imprisonment which is within the limits of a valid statute ordinarily is not a cruel and unusual punishment in the constitutional sense. *Id*.

As we found above, Codr's sentences were within the statutory limits. Codr makes no claim that the range of penalties prescribed by § 28-105 are, in and of themselves, unconstitutional, only that the sentences imposed upon him within that range are such. Upon our review of the record and our appellate caselaw, we can find no support from which such a conclusion can be reached. Codr's sentences are not cruel and unusual. This assignment of error fails.

*Ineffective Assistance of Trial Counsel Framework.*

Codr assigns that his trial counsel was ineffective in two regards. Before addressing each claim, we set forth the general legal framework for ineffective assistance of counsel claims.

To prevail on a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. Jaeger*, 311 Neb. 69, 970 N.W.2d 751 (2022). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Anderson*, 305 Neb. 978, 943 N.W.2d 690 (2020). To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. A reasonable probability is a probability sufficient to undermine confidence in the

- 4 -

outcome. *Id*. When a conviction is based upon a plea of no contest, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading no contest. *Id*.

When, as in this case, a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019). Once raised, an appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *State v. Drake*, 311 Neb. 219, 971 N.W.2d 759 (2022). The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id*. Conversely, an ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *Id*.

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *State v. Golyar*, 301 Neb. 488, 919 N.W.2d 133 (2018). Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022).

*Failure to Investigate Defenses.*

Codr assigns that his trial counsel was ineffective for failing to investigate defenses provided by Codr. Codr asserts that he informed his counsel that the motorcycle had been loaned to him by a mechanic who was repairing his car at the time, and that he offered this explanation to police at the time of his arrest. Codr claims that his trial counsel did not interview the mechanic, or obtain the video of Codr's arrest. Codr also asserts that the valuation of the motorcycle was inflated and contends that he provided photographs to his trial counsel evidencing the vehicle's poor condition, and that his sister and girlfriend provided alternative valuations to the Kelly's Blue Book valuation used by the State.

Codr additionally asserts that his trial counsel failed to investigate mitigating circumstances. Codr's sister, a social worker, offered to obtain mental health information necessary to demonstrate the severity of Codr's mental disabilities to the district court. Codr's sister also requested that Codr receive a mental health evaluation, but trial counsel did not avail himself of the assistance offered by Codr's sister. Codr notes that he applied for, and was accepted to, drug treatment in March 2022, believing that the district court would consider Codr's active participation in treatment during his sentencing. However, trial counsel did not seek a treatment bond or address the issue with the court at the sentencing hearing.

Codr has outlined various defenses to his theft by receiving charge as well as mitigating circumstances involving his mental health and drug addiction. However, without more information

regarding trial counsel's investigation into the companion cases and preparation for the sentencing hearing, we are unable to determine whether trial counsel's performance was deficient. We conclude that the record is insufficient to address this claim.

*Plea Bargain Recommendation.*

Finally, Codr assigns that his trial counsel was ineffective in recommending Codr plead to charges which could not be proven. Codr asserts that had his trial counsel conducted an investigation and "mastered the facts," Codr would have insisted on going to trial. Brief for appellant at 22. Codr does not further elaborate the basis for this claimed trial counsel deficiency, such as what specific charges could not be proven and what facts would have lead Codr to insist on a trial rather than accepting the plea agreement. Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity. *State v. Drake*, 311 Neb. 219, 971 N.W.2d 759 (2022). Thus, we conclude that Codr has failed to allege this claim of deficient performance with sufficient particularity.

## CONCLUSION

The sentences imposed were not an abuse of discretion. Additionally, Codr's claims of ineffective assistance of trial counsel either could not be addressed due to an insufficient record or are insufficiently pled. We affirm Codr's convictions and sentences.

AFFIRMED.