IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. STURGIS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

WILLIE L. STURGIS, APPELLANT.

Filed April 23, 2024.    No. A-23-817.

Appeal from the District Court for Lancaster County: KEVIN R. MCMANAMAN, Judge. Affirmed.

Kristi Egger, Lancaster County Public Defender, and Douglas L. Kerns for appellant.

Michael T. Hilgers, Attorney General, and P. Christian Adamski for appellee.

PIRTLE, Chief Judge, and RIEDMANN and WELCH, Judges.

WELCH, Judge.

### INTRODUCTION

Willie L. Sturgis appeals his plea-based conviction of possession of a firearm by a prohibited person. He contends that the sentence imposed is excessive and that his counsel was ineffective in promising him that his plea would result in a sentence of 6 to 8 years' imprisonment and in misinforming him that the county attorney had agreed to this sentence. For the reasons set forth herein, we affirm.

### STATEMENT OF FACTS

Sturgis was initially charged with unlawful discharge of a firearm, a Class ID felony; use of a firearm to commit a felony, a Class IC felony; and first offense possession of a firearm by a prohibited person, a Class ID felony. The information was subsequently amended to add habitual criminal allegations. Thereafter, pursuant to a plea agreement, Sturgis pled no contest to first

- 1 -

offense possession of a firearm by a prohibited person, a Class ID felony. The State informed the court that pursuant to the plea agreement, in exchange for Sturgis' plea, the State agreed not to pursue the charges of unlawful discharge of a firearm and use of a firearm to commit a felony and agreed to remove the habitual criminal enhancement. Both Sturgis and his attorney affirmed that the State's description of the plea agreement was accurate. Additionally, the following colloquy occurred between the court and Sturgis:

THE COURT: So, Mr. Sturgis, you heard the lawyers describe the plea agreement just now. Is that your understanding of the totality of the plea agreement?

[Sturgis]: Yes.

THE COURT: So other than that plea agreement, has anyone associated with law enforcement, or the County Attorney's Office, or anyone forced you or threatened you or promised you anything to get you down to this plea?

[Sturgis]: No.

THE COURT: Did anyone make any promises to you what the actual sentence will be?

[Sturgis]: No.

THE COURT: Anyone today used any words or phrases either that you couldn't hear or you didn't understand?

[Sturgis]: No, sir.

THE COURT: Now, have you gone over all the facts and possible defenses you might have with your lawyer?

[Sturgis]: Yes.

THE COURT: Before I accept your plea, do you need any more time to talk with your lawyer?

[Sturgis]: No.

THE COURT: Are you satisfied with the advice and representation given to you by [defense counsel] in this case?

[Sturgis]: Yes.

The State provided a factual basis which set forth that at approximately 1:50 a.m. on November 5, 2022, officers responded to a call reporting gunshots. An investigation revealed that several individuals drove in one car to the home of Sturgis and his girlfriend. During the visit, an altercation occurred and Sturgis, who is a convicted felon, shot a firearm at the vehicle. The individuals in the vehicle fled but later got a flat tire. At that time, a bullet was located in the flat tire. On December 27, during a traffic stop of Sturgis' girlfriend, a handgun was located in her vehicle. The bullet from the victim's flat tire was tested and was determined to have been fired from the handgun found in Sturgis' girlfriend's vehicle. Another individual stated that she saw a firearm "around" Sturgis prior to the November 5 shooting.

At the sentencing hearing, the court stated that it had reviewed the presentence investigation report and the facts and circumstances of the case. The court informed Sturgis that it had considered factors including Sturgis' age, his education including a GED and trade license, his mentality, and his social and cultural background. The court also considered Sturgis' childhood, upbringing, family, and children, including that Sturgis had been primarily raised by

his grandmother until the age of 12. The court further noted that it had considered Sturgis' criminal history, his using drugs at the time of the offense, and the violent nature of the offense. The court stated, "I take into account the safety of the community, very serious circumstances." And, although the court acknowledged that Sturgis' plea saved the State from having to take the case to trial, the court found that imprisonment was necessary for the protection of the public because the risk was substantial that during any period of probation Sturgis would engage in additional criminal conduct, and that a lesser sentence would depreciate the seriousness of Sturgis' crimes and promote disrespect for the law. The district court sentenced Sturgis to 23 to 27 years' imprisonment with a mandatory minimum of 3 years' imprisonment. The sentence was ordered to run consecutively to any sentence that Sturgis was currently serving.

Sturgis has timely appealed to this court and is represented by different counsel than represented him during his plea and sentencing.

## ASSIGNMENTS OF ERROR

Sturgis contends that the sentence imposed is excessive and that his counsel was ineffective in promising him that his plea would result in a sentence of 6 to 8 years' imprisonment and in misinforming him that the county attorney had agreed to this sentence.

## STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Alkazahy*, 314 Neb. 406, 990 N.W.2d 740 (2023).

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirements. *State v. Warner*, 312 Neb. 116, 977 N.W.2d 904 (2022); *State v. Betts*, 31 Neb. App. 737, 989 N.W.2d 441 (2023). An appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *State v. Warner, supra*; *State v. Betts, supra*.

## ANALYSIS

### EXCESSIVE SENTENCE

Sturgis' first assignment of error is that the sentence imposed is excessive. He contends that "[t]he district court failed to adequately consider all of the facts and circumstance[s] of [Sturgis'] life leading up to this offense, his rehabilitative needs, the harm such a lengthy sentence would have [on] his dependents, and his willingness to accept responsibility and enter a no contest plea." Brief for appellant at 13.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345 (2024). The sentencing court is not limited to any

mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Here, Sturgis was convicted of first offense possession of a firearm by a prohibited person, a Class ID felony. See Neb. Rev. Stat. § 28-1206 (Cum. Supp. 2022). He was sentenced to 23 to 27 years' imprisonment with a mandatory minimum of 3 years' imprisonment. This sentence is within the statutory sentencing range for a Class ID felony, which is punishable by a mandatory minimum of 3 years' imprisonment and a maximum of 50 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022) (felonies; classification of penalties). Additionally, Sturgis received a substantial benefit from his plea agreement in which the State dismissed a Class IC felony, a Class ID felony, and habitual criminal charges.

Regarding Sturgis' claim that the district court failed to adequately consider all the facts and circumstances surrounding Sturgis' life in determining his sentence, the district court stated that it had reviewed the presentence investigation report, which included information concerning all of the factors to be considered by a sentencing court. See *State v. Greer*, 309 Neb. 667, 962 N.W.2d 217 (2021). We further note that a sentencing court is not required to articulate on the record that it has considered each sentencing factor nor to make specific findings as to the facts pertaining to the factors or the weight given them. See *id*.

Information contained within the presentence investigation report included that Sturgis is 39 years old, single, with five adult children and one minor child. Sturgis graduated from high school and had obtained a trade license. He has a substantial criminal history including nine convictions for driving under suspension or revocation; seven convictions for failure to appear; five convictions for possession of marijuana (less than 1 ounce); two convictions each for operating a motor vehicle without a license, possession of a controlled substance, second degree burglary, theft, refusing to comply with the order of a police officer, possession of drug paraphernalia, and theft by unlawful taking; one conviction each for attempted burglary, assault, disturbing the peace, reckless driving, negligent driving, attempted robbery, and federal conspiracy to distribute crack cocaine; and various other traffic and other minor offenses. Sturgis was rated a very high risk to reoffend and has a history of alcohol and drug use including the use of alcohol, marijuana, cocaine, ecstasy, opiates, K2, and fentanyl. Additionally, Sturgis admitted that he was under the influence of fentanyl at the time he committed the present offense and that he has "sold drugs to survive." Sturgis also reported that he has been diagnosed with post-traumatic stress disorder, anxiety, depression, and antisocial disorder.

In sum, based upon factors including that the sentence imposed is within the statutory sentencing range, the substantial benefit that he received from his plea agreement, his extensive criminal history, and the significant risk caused by his actions of shooting at an occupied car, the sentence imposed was not an abuse of discretion. This assignment of error fails.

INEFFECTIVE ASSISTANCE OF COUNSEL

Sturgis' second assignment of error is that his trial counsel was ineffective in promising him that his plea would result in a sentence of 6 to 8 years' imprisonment and in misinforming him that the county attorney had agreed to this sentence.

As this court recently stated in *State v. Betts*, 31 Neb. App. 737, 745-46, 989 N.W.2d 441, 448 (2023):

> To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Lessley*, 312 Neb. 316, 978 N.W.2d 620 (2022). To show that counsel's performance was deficient, the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. To show prejudice under the prejudice component of the *Strickland* test, the defendant must demonstrate a reasonable probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different. *State v. Lessley, supra*. When a conviction is based upon a plea of no contest, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading no contest. *State v. Anderson*, 305 Neb. 978, 943 N.W.2d 690 (2020). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*.
>
> When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Warner, supra*. The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id.* The determining factor is whether the record is sufficient to adequately review the question. *Id*.

In his brief, Sturgis argues:

> When [he] was questioned by the District Court in his plea hearing, [Sturgis] answered "no" when asked if anyone made any promises to him of what the actual sentence will be. [Sturgis] misunderstood the Court's inquiry, and he was under the impression that the terms of the plea agreement included a sentence of 6-8 years. [Sturgis'] one-word response to the Court's question, in the midst of the many questions posed and under the pressure of knowing that failing to enter a plea could have far worse consequences, is not contrary to [Sturgis'] understanding and belief that he had entered into an agreement, the terms of which included a sentence of 6-8 years.

Brief for appellant at 18. We disagree with Sturgis' assessment and find that the record refutes his claim.

During the plea hearing, the State informed the court that in exchange for Sturgis' plea, the State agreed not to pursue the charges of unlawful discharge of a firearm and use of a firearm to commit a felony as well as to remove the habitual criminal enhancement. Both Sturgis and his attorney affirmed that the State's description of the plea agreement was accurate. Additionally, the following colloquy occurred between the court and Sturgis:

THE COURT: So, Mr. Sturgis, you heard the lawyers describe the plea agreement just now. Is that your understanding of the totality of the plea agreement?

[Sturgis]: Yes.

THE COURT: So other than that plea agreement, has anyone associated with law enforcement, or the County Attorney's Office, or anyone forced you or threatened you or promised you anything to get you down to this plea?

[Sturgis]: No.

THE COURT: Did anyone make any promises to you what the actual sentence will be?

[Sturgis]: No.

THE COURT: Anyone today used any words or phrases either that you couldn't hear or you didn't understand?

[Sturgis]: No, sir.

THE COURT: Now, have you gone over all the facts and possible defenses you might have with your lawyer?

[Sturgis]: Yes.

THE COURT: Before I accept your plea, do you need any more time to talk with your lawyer?

[Sturgis]: No.

THE COURT: Are you satisfied with the advice and representation given to you by [defense counsel] in this case?

[Sturgis]: Yes.

Thus, during the plea hearing, Sturgis affirmed that the plea agreement as presented by the State, which did not include any agreements relating to his sentence, was correct. Sturgis further admitted that no party had made any promises regarding his sentence. He also admitted that he had been given sufficient time to discuss his case with trial counsel and was satisfied with trial counsel's advice and representation. See, *State v. Vanness*, 300 Neb. 159, 912 N.W.2d 736 (2018) (finding ineffective assistance of counsel claim refuted by defendant's statements to court during plea colloquy); *State v. Liner*, 24 Neb. App. 311, 886 N.W.2d 311 (2016) (record affirmatively demonstrated defendant was not coerced or threatened into accepting plea bargain given testimony to that effect during plea hearing). Where the record refutes a claim of ineffective assistance of counsel, no recovery may be had. See, *State v. Vo*, 279 Neb. 964, 783 N.W.2d 416 (2010); *State v. Liner, supra*.

As the Nebraska Supreme Court noted in *State v. Vanderpool*, 286 Neb. 111, 118-19, 835 N.W.2d 52, 58 (2013):

If the dialogue which is required between the court and the defendant whereat, as here, the court receives an affirmative answer as to whether the defendant understands the specified and full panoply of constitutional rights ... and whether it is true that defendant was not improperly influenced by threats or promises ... all done during the sanctity of a full and formal court proceeding, is to be impugned by a mere recantation made after the doors of the prison clang shut, we are wasting our time and that of the trial judges, making a mockery out of the arraignment process.

- 6 -

Because the record refutes Sturgis' claim of ineffective assistance of counsel, this assignment of error fails.

CONCLUSION

Having considered and rejected Sturgis' assignments of error, his conviction and sentence are affirmed.

AFFIRMED.