IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. LEITING


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

TOBY N. LEITING, APPELLANT.


Filed October 22, 2024.    No. A-24-051.


Appeal from the District Court for Lancaster County: LORI A. MARET, Judge. Affirmed.

Kristi J. Egger, Lancaster County Public Defender, and Shawn Elliott for appellant.

Michael T. Hilgers, Attorney General, and Jordan Osborne for appellee.


MOORE, ARTERBURN, and WELCH, Judges.

WELCH, Judge.

## I. INTRODUCTION

Toby N. Leiting appeals from his plea-based convictions of burglary, possession of burglar's tools, and theft by unlawful taking ($1,500 or more but less than $5,000). He contends that the sentences imposed thereon are excessive and that his trial counsel was ineffective in various respects. For the reasons set forth herein, we affirm.

## II. STATEMENT OF FACTS

At around 7 a.m. on October 31, 2022, law enforcement officers responded to the report of a burglary at Walton Construction. The business owner, Kenneth Walton, reported that someone broke into his construction yard overnight, broke into a building by cutting a padlock, and then proceeded to steal welding equipment and various tools. The suspect loaded the stolen items onto a trailer that he attached to a lighter-colored early 2000's Ford Escape and stole gas from large gas tanks located on the property. The license plate on the vehicle appeared to be covered and was

- 1 -

unreadable. The estimated value of items taken was estimated at $32,000. Multiple trail cameras located on Walton's property captured images of the suspect who appeared to be a white male wearing a hoodie, jeans, gloves, and black boots.

Several months later, on December 12, 2022, law enforcement officers responded to another report from Walton Construction of a trespass in progress. Due to the prior theft, Walton had installed additional video surveillance cameras on his property, which alarms were triggered at around 4 a.m. When officers arrived, they set up a perimeter and observed the subject, later identified as Leiting, near fuel tanks located on the property. After officers announced their presence, Leiting fled but was quickly apprehended with plyers and a pair of bolt cutters in his possession. Officers determined that the locks on the fuel tanks had been cut and video surveillance footage showed Leiting carrying empty fuel cans up to the fuel tanks. After officers compared Leiting's booking photos to the images taken from Walton's trail cameras in October 2022, they determined that the same individual was responsible for the October burglary.

During the investigation into the thefts from Walton Construction, officers searched Leiting's property and located a utility flatbed trailer that had been reported as stolen from Tuscany Townhomes sometime between October 22 and 25, 2022. The utility flatbed trailer was valued at approximately $2,000.

As a result of these events, Leiting was charged with burglary, a Class IIA felony; possession of burglar's tools, a Class IV felony; theft by unlawful taking of the property of Tuscany Townhomes ($1,500 or more but less than $5,000), a Class IV felony; and two counts of subsequent offense driving during revocation, both Class IIA felonies. Pursuant to a plea agreement, Leiting pled no contest to burglary, a Class IIA felony; possession of burglar's tools, a Class IV felony; and theft by unlawful taking of the property of Tuscany Townhomes ($1,500 or more but less than $5,000), a Class IV felony, and the remaining two charges of subsequent offense driving during revocation were dismissed. The State also agreed not to pursue habitual criminal allegations. The State provided a factual basis containing facts as previously set forth.

During the sentencing hearing, the district court noted that it had reviewed and considered the presentence investigation report. The Court stated:

I do take into consideration the comments of your daughter and yourself that you believe there's been [a] change in yourself, or you want there to be a change in yourself. And I think that probably is the case each time that you are caught or incarcerated. But the fact of the matter is your history doesn't bear that out. Your criminal history is . . . an abomination. I mean, to be as old as you are and to have the history that you have, you really don't have much good to show for your life.

Your [level of service/case management inventory] score is one of the highest I've ever seen. You're habitual [criminal] eligible. Even with the simple rules of the law that other people have to follow like not driving when you're not supposed to, you can't even do that. And even as we speak here today there are currently still warrants pending for your arrest in other jurisdictions.

I don't see as that there's really any indication that any day beyond this is going to change for you in any way. Unless you take steps to do that. And that's if you just keep

making the right decision[s]. You can't take two steps forward and three steps back. That's not an option. That's not okay.

Yes, you can be forgiven. But that's not the business of this Court. This [business of the] Court at this point is to protect the community.

The district court sentenced Leiting as follows: 16 to 18 years' imprisonment for burglary; 2 years' to 2 years' imprisonment for possession of burglar's tools; and 2 years' to 2 years' imprisonment for theft by unlawful taking ($1,500 or more but less than $5,000). The sentences were ordered to be served consecutively to each other and any other sentence that Leiting was currently serving and Leiting was granted 26 days credit for time previously served.

## III. ASSIGNMENTS OF ERROR

Leiting contends that: (1) the sentences imposed are excessive; and (2) his trial counsel was ineffective in: (a) "fail[ing] to advise [him] that he should move to suppress statement he made to law enforcement on December 18, 2022"; (b) "fail[ing] to advise [him] that he should advance a defense that he had not aided and abetted the burglary offense"; and (c) "fail[ing] to understand that the value of the alleged theft in the convicted offense [of theft by unlawful taking] did not constitute a felony offense, and as such, his ability to obtain a more favorable plea agreement was compromised." Brief for appellant at 7.

## IV. STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Alkazahy*, 314 Neb. 406, 990 N.W.2d 740 (2023).

Whether a claim of ineffective assistance of counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Npimnee*, 316 Neb. 1, 2 N.W.3d 620 (2024). In reviewing a claim of ineffective assistance of counsel on direct appeal, an appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id.*

## V. ANALYSIS

### 1. EXCESSIVE SENTENCES

Leiting's first assignment of error is that the district court erred in imposing excessive sentences. Although Leiting acknowledges that the sentences imposed are within their respective statutory ranges, he contends that the court failed to properly weigh the required sentencing factors. He submits that in failing to impose a lesser sentence, the district court "lost sight of the fact that he had been convicted of property offenses," that no physical harm to persons had occurred, that both Walton Construction and Tuscany Townhomes had recovered most of the stolen property, that no one had suffered physical harm due to his actions, and that the court failed to consider his

"lifelong struggle with addiction." Brief for appellant at 18. We note that contrary to these assertions, a sentencing court is not required to articulate on the record that it has considered each sentencing factor nor to make specific findings as to the facts pertaining to the factors or the weight given them. *State v. Greer*, 309 Neb. 667, 962 N.W.2d 217 (2021).

Leiting was convicted of burglary, a Class IIA felony; possession of burglar's tools, a Class IV felony; and theft by unlawful taking of the property ($1,500 or more but less than $5,000), a Class IV felony. See, Neb. Rev. Stat. § 28-507 (Reissue 2016) (burglary); Neb. Rev. Stat. § 28-508 (Reissue 2016) (possession of burglar's tools); Neb. Rev. Stat. § 28-511 (Reissue 2016) (theft by unlawful taking or disposition); Neb. Rev. Stat. § 28-518(2) (Reissue 2016) (grading of theft offenses).

Leiting's sentence of 16 to 18 years' imprisonment for burglary is within the statutory sentencing ranges for Class IIA felonies which are punishable by a minimum of no imprisonment and a maximum of 20 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). And Leiting's sentences of 2 years' to 2 years' imprisonment each for his convictions of possession of burglar's tools and theft by unlawful taking (more than $1,500 but less than $5,000) are within the statutory sentencing ranges for Class IV felonies which are punishable by a minimum of no imprisonment and a maximum of 2 years' imprisonment followed by 0 to 12 months of post-release supervision and/or a $10,000 fine. § 28-105. Since Leiting was sentenced consecutively for his Class IV felonies and a Class IIA felony, the court properly imposed indeterminate sentences and properly did not include a period of post release supervision on the Class IV felonies. See § 28-105(6) and Neb. Rev. Stat. § 29-2204.02(4) (Reissue 2016). Additionally, Leiting received a substantial benefit from his plea agreement in which two Class IIA felonies were dismissed, and the State agreed not to pursue habitual criminal allegations.

The presentence investigation report reflects that Leiting is 49 years old, divorced, and has three adult children. He has obtained his GED and has a welding certification. Leiting has a substantial criminal history including seven convictions for driving during revocation; five convictions for disturbing the peace; three convictions each for DUI/refusal and assault; two convictions each for failure to appear, possession of marijuana (less than 1 oz.) and possession of drug paraphernalia; and single convictions for reckless driving, refusing to comply with the order of a police officer, operating a motor vehicle to avoid arrest, criminal impersonation, resisting arrest, obstructing a peace officer, attempted possession of a controlled substance, and theft by shoplifting, as well as other various minor offenses and traffic violations.

Additionally, after committing the Lancaster County offenses at issue in this appeal, Leiting was convicted in Saunders County of subsequent offense driving during revocation and was sentenced to 2 to 3 years' imprisonment. And, in Dodge County, Leiting was charged with driving during revocation, possession of a controlled substance, unlawful or fictitious display of plates or renewal tabs, possession of marijuana (1 oz. or less), possession of drug paraphernalia, and failure to appear. Due to Leiting's failure to appear, a warrant was issued which remains active.

The level of service/case management inventory assessed Leiting as a very high risk to reoffend. Leiting admitted to using alcohol, cocaine, LSD, K2, with his most recent drug use being methamphetamine, which he used on a daily basis. Leiting has been addressing his drug and alcohol use and completed a 90-day substance abuse treatment program during his most recent

incarceration. In the PSR, the probation officer noted that Leiting's criminal history reflected "a poor or indifferent attitude towards laws and authority figures. His ongoing involvement in criminal activities, despite the consequences, reflects a general disregard for the laws and an attitude that is supportive of crime. He has a history of assaultive offenses and has had previous terms of supervision revoked." The probation officer also noted that Leiting appeared to be minimizing his role in the offenses.

Based upon factors including that the sentences imposed are within the relevant statutory sentencing ranges, the substantial benefit that Leiting received from his plea agreement, his extensive criminal history including the offenses committed after the current offenses which included a failure to appear and which resulted in the issuance of a warrant, the sentences imposed did not constitute an abuse of discretion.

### 2. INEFFECTIVE ASSISTANCE OF COUNSEL

Leiting's second assigned error is that his trial counsel was ineffective in: (a) failing to move to suppress Leiting's statements to law enforcement, (b) failing to advance a defense that Leiting had not aided and abetted in the burglary offense, and (c) advising Leiting to plead to the felony theft by unlawful taking ($1,500–$5,000) when the original $1,300 purchase price of the stolen property would have rendered the offense a misdemeanor.

In *State v. Lierman*, 305 Neb. 289, 312-13, 940 N.W.2d 529, 548 (2020), the Nebraska Supreme Court stated:

> In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance.
>
> When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Once raised, the appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims.
>
> In order to know whether the record is insufficient to address assertions on direct appeal that trial counsel was ineffective, appellate counsel must assign and argue deficiency with enough particularity (1) for an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) for a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court. When a claim of ineffective assistance of trial counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel.

(a) Failure to File Motion to Suppress

Leiting contends that his trial counsel was ineffective for failing to move to suppress Leiting's statements made during his second police interview with law enforcement on December 18, 2022. He claims:

> Law enforcement arrested [Leiting] on December 12, 2022. Later that day, a police officer met with [Leiting] at the county jail. [Leiting] was cuffed during the interview. [Leiting] waived his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). However, as the interview progressed, [Leiting] requested a lawyer and the interview ended. During this interview, [Leiting] only admitted to stealing gas. The officer then advised [Leiting] that he was being cited for burglary and theft.
>
> Thereafter, the County Court appointed counsel for him on December 13, 2022. After the appointment of counsel, the same police officer returned to the jail and interviewed [Leiting] again on December 18, 2022. The officer told [Leiting] he was not there to talk about the now charged offenses. The officer then had [Leiting] sign a *Miranda* waiver form. [Leiting] told the officer that he was trying to get in contact with his lawyer. The officer then questioned [Leiting] and obtained incriminating statements which implicating him in the charged offenses.
>
> [Leiting] claims that his trial counsel never advised him that he could seek to suppress the statement he made on December 18, 2022.

Brief for appellant at 20.

The record does not contain any information regarding trial counsel's decision not to file a motion to suppress or of conversations between counsel and Leiting regarding the likelihood of success of such a motion. See, e.g., *State v. Anderson*, 305 Neb. 978, 943 N.W.2d 690 (2020); *State v. Sierra*, 305 Neb. 249, 939 N.W.2d 808 (2020). The record is insufficient to address this claim and this claim is preserved for postconviction review.

(b) Failure to Advise Regarding Advancing
Defense of Aiding and Abetting

Leiting next contends that his trial counsel was ineffective for "fail[ing] to advise [him] that he should advance a defense that he had not aided and abetted the burglary offense." Brief for appellant at 7. He argues that counsel should have advanced the theory that Leiting did not aid and abet the burglary under Neb. Rev. Stat. § 28-206 (Reissue 2016); rather, he aided in the consummation of a felony under Neb. Rev. Stat. § 28-205 (Reissue 2016). He contends that the burglary offense was a Class IIA felony, whereas aiding in the consummation of a felony is a Class IV felony. In short, Leiting argues his trial counsel had an obligation to advise him of the lesser theory of criminal liability and defense to a criminal charge and simply failed to do so, resulting in his willingness to plead to the more substantial burglary charge.

The record on appeal does not contain any information regarding conversations between Leiting and his counsel regarding arguing this subject matter. The State acknowledges the record on appeal is simply not sufficient to review it. Accordingly, the record on appeal is insufficient to address this claim and it is preserved for postconviction review.

We note that Leiting also argues in his brief that his counsel failed to advise him regarding a choice of evils defense. However, because Leiting failed to assign this claim as error, we do not consider it on appeal, nor can this issue be preserved for postconviction relief.

### (c) Failure To Advise

Leiting's third claim is that trial counsel was ineffective for "fail[ing] to understand that the value of the alleged theft in the convicted offense [of theft by unlawful taking] did not constitute a felony offense, and as such, his ability to obtain a more favorable plea agreement was compromised." Brief for appellant at 7. He contends that his trial counsel was ineffective for advising Leiting to plead to the felony theft by unlawful taking when police reports state that the owner reported that the trailer was purchased for $1,300 in December 2008, and thus was not a felony offense because the trailer was not valued at $1,500 or more but less than $5,000.

We find that the record is sufficient to address this claim. The factual basis provided by the State, which was accepted by Leiting, set forth that the owner provided a value of approximately $2,000 for the utility flatbed trailer, which formed the basis for Leiting's theft by unlawful taking conviction. Although the instant case involved a plea and not a trial, we note that "[i]t has long been the rule in this jurisdiction that the owner of chattels may testify as to their value in a criminal case." *State v. Dixon*, 306 Neb. 853, 873, 947 N.W.2d 563, 578 (2020). Having determined that the State's factual basis, which included the owner's opinion of the value of the stolen property, was sufficient to support the offense of felony theft by unlawful taking, Leiting's counsel did not perform deficiently. This claim is rejected and is not preserved for postconviction review.

### VI. CONCLUSION

Having considered and rejected Leiting's assignments of error, except for those allegations of ineffective assistance of counsel which have been preserved for postconviction review, we affirm his convictions and sentences.

AFFIRMED.